IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANGEL ENRIQUE NUNEZ ESCOBAR, *et al.*, | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:11-0994 |
| | ) | Chief Judge Campbell |
| LEE GAINES, *et al.*, | ) | Magistrate Judge Bryant |
| | ) | |
| *Defendants.* | ) | |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO
### DEFENDANT GARY KEMPER'S MOTION TO DISMISS

#### Introduction

Plaintiffs are 15 individuals who were victims of the large-scale, warrantless raid by Immigration and Customs Enforcement ("ICE"), the Metropolitan Nashville Police Department ("MNPD"), and private security guards at the Clairmont Apartments in Nashville, Tennessee ("Clairmont") on October 20, 2010. Plaintiffs allege that, pursuant to a conspiracy between the defendants, a team of ICE agents, MNPD officers, and private security guards raided numerous private residences without search warrants or consent from the residents and without the existence of any exigent circumstances that would justify a warrantless search. Once inside the homes, agents and officers detained the occupants without judicial warrant or other legal justification, searched throughout the homes, and arrested several plaintiffs without probable cause. Officers and agents also detained and interrogated, and in some cases arrested without any lawful justification, plaintiffs as they sat in their lawfully parked cars or played outside.

In their complaint filed on October 19, 2011 ("Complaint"), plaintiffs assert four counts against Defendant Gary Kemper ("Kemper"): Count VI, a claim under 42 U.S.C. § 1983 for conspiracy to violate the Fourth and Fifth Amendments to the United States Constitution; Count

VII, a *Bivens* claim for conspiracy with federal agents to violate the Fourth and Fifth Amendments to the United States Constitution; Count VIII, a claim under 42 U.S.C. § 1985(3) for conspiracy to deprive plaintiffs of their equal protection rights; and Count IX, a § 1983 claim for violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Defendant Kemper, a sergeant of the MNPD, has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that he is entitled to qualified immunity because the complaint does not allege that he was personally involved in the unconstitutional conduct. Notably, Kemper does not argue that plaintiffs have not properly alleged violations of constitutionally protected rights or that those rights were not clearly established, but merely that they have not alleged constitutional violations committed by Kemper. For the following reasons, the Court should reject Kemper's motion in its entirety.

## Argument

Kemper's motion correctly sets forth the legal standard applied to a 12(b)(6) motion to dismiss. As discussed below, the factual allegations in the Complaint are "sufficient to give notice" to Kemper as to what claims are alleged, and plaintiffs have pled "'sufficient factual material' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), quoting *Ashcroft v. Iqbal*, --- U.S. ---. 129 S. Ct. 1937, 1949-50 (2009).

I. **Plaintiffs allege that Kemper was personally involved in the constitutional violations.**

Kemper argues that he should be granted qualified immunity, not because he asserts that plaintiffs' claims do not allege violations of clearly established rights, but rather because plaintiffs do not allege that he was personally involved in any of the unlawful acts. As the Sixth

2

Circuit noted in *Hall v. Shipley*, such an argument is more appropriately characterized as a "lack of personal involvement" defense. 932 F.2d 1147, 1154 (6th Cir. 1991). Regardless of the characterization, however, the result is the same: Plaintiffs have alleged sufficient facts from which the Court can reasonably infer that Kemper is liable for violations of plaintiffs' constitutional rights. *See Iqbal*, 129 S.Ct. at 1949; *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).

Kemper misconstrues plaintiffs' allegations against him and mischaracterizes them in an overly narrow manner. Kemper is correct that the allegations against him are not as numerous as against some of the other defendants. This observation is a meaningless comparison, however, because Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of the claim against each defendant. Fed. R. Civ. P. 8(a)(2). "Plaintiffs need not plead an abundance of specific facts at this stage; the purpose of a complaint is limited to providing the defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests." *Hutchinson v. Metropolitan Gov't of Nashville & Davidson County,* 685 F. Supp. 2d 747, 749 (M.D. Tenn. 2010) (Nixon, J.) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555)). Plaintiffs allege—by name and as one of the "MNPD Defendants" or "MNPD officers"—that Kemper directly participated in the planning of the raid and the conspiracy to violate plaintiffs' rights (Compl., ¶¶ 7, 47, 188, 191, 193-195, 220-239[1]) and in the execution of the unlawful searches and seizures during the raid (Compl., ¶¶ 1-5, 47, 196, 220-239). In addition, plaintiffs allege that unknown MNPD officers, which may include Kemper, participated in the unlawful search of Apartment E-101 and the unlawful seizure of Plaintiff David Salgado Figueroa. (Compl., ¶¶ 129-150). The raid was so traumatic and chaotic that each plaintiff

---

[1] There is an error in ¶ 238 of the Complaint. The last sentence of the paragraph should begin "MNPD Defendants," not "ICE Defendants." Plaintiffs will correct this error through an amendment to the Complaint at their first opportunity.

cannot without discovery identify by name each of the officers and agents who violated his or her rights in every instance. At this early stage of the litigation, however, plaintiffs sufficiently allege facts regarding Kemper's direct participation in the raid and in the conspiracy and the planning of the raid to make it plausible that he violated plaintiffs' constitutional rights, and thus to withstand a motion to dismiss.

**II.     Supervisory officials are liable for their own individual actions.**

Plaintiffs do not dispute that it is settled that under federal law a government official "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 129 S. Ct. at 1948. But plaintiffs' claims against Kemper are not based on *respondeat superior*. Supervisory officials are, of course, liable for their "own individual actions." *Id.* Plaintiffs' allegations against Kemper are also not based on his position as a supervisor who failed to properly supervise his subordinates or to act after the fact, but rather on his personal involvement in conspiring to and carrying out the raid.[2] Thus, the *respondeat superior* and supervisory liability cases cited by Kemper are inapposite. *See Knott v. Sullivan*, 418 F.3d 561, 574 (6th Cir. 2005) (affirming grant of summary judgment in favor of county commissioner who was not involved in challenged searches, and whose only role was to respond to a complaint letter from plaintiff after the fact), *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (affirming grant of summary judgment in favor of officials who were not involved in inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act), *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 727 (6th Cir. 1996) (affirming grant of summary judgment in favor of supervisors who were not involved in alleged unlawful activity but allegedly failed to act after being notified

---

[2] Plaintiffs do not foreclose the possibility that discovery will reveal additional claims against Kemper on the basis of supervisory liability. Plaintiffs will amend the Complaint as appropriate. At this point, however, Plaintiffs do not assert such claims.

4

of violations). Unlike the plaintiffs in *Knott, Shehee* and *Lillard*, plaintiffs do not allege that Kemper failed to properly respond to the violation of their rights after the raid at Clairmont; rather, plaintiffs allege that Kemper violated their rights by personally participating in both the conspiracy and the raid itself.

Kemper also cites to *Dunn v. Tennessee*, 697 F.2d 121 (6th Cir. 1982). The Dunn court's treatment of two different types of defendants demonstrates why Kemper cannot escape liability. In *Dunn*, the court notes with approval the appellant's concession that a sheriff who was not involved in the incident in question is not a proper defendant on the theory of *respondeat superior*. *Id.* at 128. The court then goes on to note, however, that two officers who actively participated in the alleged misconduct *are* proper defendants. *Id.* As *Dunn* and numerous other cases confirm, a state actor—whether a line-employee or a supervisor—is liable for his personal participation in the deprivation of federally-protected rights.

It is also noteworthy that *Knott*, *Shehee*, and *Lillard* were all decided on motions for summary judgment, after the plaintiffs had the opportunity to ascertain through discovery the exact nature of each defendant's involvement in the alleged constitutional violations. It is premature for Kemper to ask this Court to rule that he was not personally involved in the violation of plaintiffs' constitutional rights simply because plaintiffs lack certain details about his involvement. Plaintiffs' unequivocal allegations that Kemper was personally involved in planning and execution of the raid at Clairmont, and the attendant violations of plaintiffs' rights (Compl., ¶¶ 1-5, 47, 188, 191, 193-196, 220-239), properly state claims against Kemper under all four counts.

5

Case 3:11-cv-00994 Document 78 Filed 12/14/11 Page 5 of 9 PageID #: 326

### III. An officer is liable for failing to intervene to stop rights violations that he witnesses.

In an apparent attempt to suggest that there is no set of facts under which he could be liable for the alleged constitutional violations, Kemper asserts that even if as a supervisor at the scene of the raid he witnessed the entire raid, he would not be liable for a failure to act. This is incorrect, and Kemper's reliance on *Shehee* to bolster this argument is misplaced. To begin, plaintiffs do not allege that Kemper only witnessed the raid; rather, plaintiffs allege that he was an active participant in both the unlawful conspiring regarding the raid and the unlawful searches and seizures. But even if Kemper had merely observed the unconstitutional acts during the raid rather than directly participating in them, he would still be liable for the violations of plaintiffs' rights.

In *Shehee*, the court granted summary judgment in favor of defendants whose only involvement was long after the incident, and consisted merely of denying the plaintiff's administrative grievances and failing to remedy the alleged unlawful behavior once on notice. 199 F.3d at 300. *Shehee* is thus a far cry from contemporaneously witnessing, as Kemper posits, fellow law enforcement officers, including MNPD officer and Kemper's subordinate Officer Shaun Hardin, blatantly and egregiously violating individuals' constitutional rights pursuant to a conspiracy in which Kemper participated. State actors, such as police officers, may be liable for failing to intervene to stop constitutional violations occurring in their presence. *See Durham v. Nu'Man*, 97 F.3d 862 (6th Cir. 1996) (state hospital security officer and nurse who witnessed beating could be liable under § 1983 without actively participating in beating); *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982) (officers who stood by and did nothing while plaintiff was beaten by other officers could be held liable under § 1983). Thus, even under Kemper's

6

incorrect interpretation of plaintiffs' allegations, plaintiffs' have sufficiently pled a plausible set of facts establishing Kemper's liability.

Plaintiffs' allegations are more properly analogous to those in *Hall*, 932 F.2d 1147 (6th Cir. 1991). In *Hall*, police officer Shipley was involved in planning a search of the plaintiff's apartment, and participated in the search after other officers forced open the plaintiff's door with a battering ram. The plaintiff filed a § 1983 action against Shipley and the other officers, alleging violations of the Fourth Amendment. Shipley argued that he should not be held liable because he was standing on the sidewalk when the other officers forced their way into the house; thereafter, he conducted the search of the residence while two other officers held the plaintiff naked at gunpoint. *Id.* at 1154. The Court affirmed the district court's denial of Shipley's motion for summary judgment, noting that the plaintiff's allegations did not rest on a theory of supervisory liability and holding that Shipley's involvement surpassed "mere presence" at the scene: "Both in entering the apartment and in the manner of the search itself a direct causal connection exists between Officer Shipley's actions and the alleged constitutional violation as to the reasonableness of the search." *Id.* Similarly, plaintiffs allege that Kemper personally participated in the conspiracy, the planning of the raid, and the unlawful acts during the raid, and is thus liable for the constitutional violations.

## Conclusion

For the foregoing reasons, the Court should deny Defendant Gary Kemper's Motion to Dismiss.

Dated: December 14, 2011

>Respectfully submitted,
>/s/Jenna L. Miara
>Matthew J. Piers*
>José Jorge Behar*

7

Jenna L. Miara*
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
70 W. Madison Street, Suite 4000
Chicago, IL 60602
Tel: (312) 580-0100
*mpiers@hsplegal.com*
*jbehar@hsplegal.com*
*jmiara@hsplegal.com*

*On behalf of Attorneys for Plaintiffs*

| | |
|---|---|
| Andre Segura* <br> Lee Gelernt* <br> American Civil Liberties Union Foundation <br>   Immigrants' Rights Project <br> 125 Broad Street, 18th Floor <br> New York, NY  10004 <br> T: (212) 549-2660 <br> *asegura@aclu.org* <br> *lgelernt@aclu.org* | Tricia Herzfeld (BPR #026014) <br> Legal Director <br> ACLU Foundation of Tennessee <br> P.O. Box 120160 <br> Nashville, TN  37212 <br> T: (615) 320-7142 <br> *tricia@aclu-tn.org* |
| Cecillia D. Wang* <br> American Civil Liberties Union Foundation <br>   Immigrants' Rights Project <br> 39 Drumm Street <br> San Francisco, CA  94111 <br> T: (415) 343-0775 <br> *cwang@aclu.org* | Elliott Ozment (BPR #4331) <br> R. Andrew Free (BPR #30513) <br> Law Offices of Elliott Ozment <br> 1214 Murfreesboro Pike <br> Nashville, TN  37217 <br> T: (615) 321-8888 <br> *elliott@ozmentlaw.com* <br> *afree@ozmentlaw.com* |
| Justin Cox* <br> American Civil Liberties Union Foundation <br>   Immigrants' Rights Project <br> 230 Peachtree Street, NW, Suite 1440 <br> Atlanta, GA  30303 <br> T: (404) 523-2721 <br> *jcox@aclu.org* | ACLU-TN Cooperating Attorneys |

* *pro hac vice* admission

## CERTIFICATE OF SERVICE

       I hereby certify that on December 14, 2011, a copy of the foregoing documents was filed electronically. Parties may access this filing through the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all the following parties:

| | |
|---|---|
| Melissa Ballengee Alexander<br>Bradley Arant Boult Cummings, LLP<br>1600 Division Street, Suite 700<br>Nashville, TN 37203-0025 | Kevin C. Klein<br>Allison L. Bussell<br>Assistant Metropolitan Attorneys<br>P.O. Box 196300<br>108 Metropolitan Courthouse<br>Nashville, TN 37219-6300 |
| Richard C. Mangelsdorf, Jr.<br>Brian F. Walthart<br>Leitner, Williams, Dooley & Napolitan, PLLC<br>414 Union St., Suite 1900<br>Bank of America Plaza<br>Nashville, TN 37219 | |

       I hereby certify that on December 14, 2011, a copy of the foregoing documents was filed electronically. Parties may access this filing through the Court's electronic filing system. Notice of this filing will be sent by U.S. Mail to all the following parties:

| | |
|---|---|
| Paul West<br>Crime Suppression Services<br>P.O. Box 221<br>Pleasant View, TN 37146 | Wayne Dickey<br>Jonathon Hendrix<br>Stephen McCormick<br>247 Venture Circle<br>Nashville, TN 37228 |
| Brian Abrahamson<br>Bradley Epley<br>Christopher Koshar<br>Lee Gaines<br>Eric Lim<br>Lee Worsham<br>Christopher Lane<br>Patrick Hubbard<br>51 Century Blvd., Ste. 350<br>Nashville, TN 37214 | Karen A. Smith<br>Office of the Principal Legal Advisor, U.S. ICE<br>500 12th Street, S.W. STOP 5900<br>Washington, D.C. 20536-5900 |

                                                            /s/ Jenna L. Miara<br>
                                                            Jenna L. Miara