IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANGEL ENRIQUE NUNEZ ESCOBAR, )
et al. )
) NO. 3-11-0994
v. ) JUDGE CAMPBELL
)
LEE GAINES, et al. )

MEMORANDUM

Pending before the Court is Defendant Gary Kemper's Motion to Dismiss (Docket No. 68). For the reasons stated herein, Defendant Kemper's Motion is DENIED.

FACTS

This action, brought by 15 Plaintiffs who allege they were victims of a large-scale, warrantless "raid" by Immigration and Customs Enforcement ("ICE"), Metropolitan Nashville Police Department ("MNPD") and private security guards at the Clairmont Apartments in Nashville. Plaintiffs allege a conspiracy among all Defendants to "rid the Clairmont of Latino residents" and assert violations of their 4th, 5th, and 14th Amendment rights. Docket No. 1.

Defendant Kemper, one of the MNPD Defendants, has moved to dismiss the claims against him, arguing that Plaintiffs have alleged no unlawful conduct against him.

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## DISCUSSION

Defendant Kemper contends that he is entitled to qualified immunity from this action because Plaintiffs' Complaint fails to allege a viable constitutional claim against him,[1] citing the fact that the Complaint references Defendant Kemper by name only twice. The Complaint also includes Defendant Kemper in the term "MNPD Defendants," however. Docket No. 1, ¶ 47.

The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009). Determinations of qualified immunity require the Court to answer two questions: (1) whether the officer violated a constitutional right, and (2) whether that right was clearly established in light of the specific context of the case.[2] *Hayden v. Green*, 640 F.3d 150, 153 (6th Cir. 2011).

---

[1] Although Defendant also argues that he cannot be liable under a theory of *respondeat superior*, Plaintiffs have not alleged liability under that theory. Docket No. 78, p.4.

[2] "The judges of the district court and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 129 S.Ct. at 818.

The Complaint asserts that Defendant Kemper "participated in the planning, supervision, and execution of the Clairmont raid." Docket No. 1, ¶ 47. The Complaint also alleges that Defendant Kemper (as a "MNPD Defendant") communicated multiple times with Defendant Hall, manager of the Clairmont, and other MNPD Defendants about the allegedly unlawful goal of ridding the Claimont of Latino residents. *Id*., ¶ 191. In addition, the Complaint avers that Defendant Kemper (as a "MNPD Defendant") supported the ICE agents in unlawfully raiding the Plaintiffs' apartments and unlawfully making the arrests. *Id*., ¶ 196.

In the Sixth Cause of Action, Plaintiffs contend that all Defendants (including Defendant Kemper as a "MNPD Defendant") conspired to violate Plaintiffs' Fourth and Fourteenth Amendment rights. Docket No. 1, ¶¶ 220-225. In the Seventh Cause of Action, Plaintiffs allege that all Defendants (including Defendant Kemper as a "MNPD Defendant") violated Plaintiffs' constitutional rights. *Id.*, ¶¶ 226-231. Moreover, in the Eighth Cause of Action, Plaintiffs assert that all Defendants (including Defendant Kemper as a "MNPD Defendant") conspired to deprive Plaintiffs of their Fourteenth Amendment Equal Protection rights. *Id*., ¶¶ 232-236. Finally, in the Ninth Cause of Action, Plaintiffs aver that all MNPD Defendants (which includes Defendant Kemper) violated Plaintiffs' Equal Protection rights. *Id*., ¶¶ 237-239.

Thus, the Complaint alleges that Defendant Kemper, as one of the MNPD Defendants, participated in the planning and execution of the allegedly unlawful raid and violation of Plaintiffs' constitutional rights. Defendant Kemper disputes those facts, but the Court must accept the allegations as stated in the Complaint as true. Plaintiffs allege a conspiracy to violate, unlawfully, their constitutional rights and that Defendant Kemper was a part of that conspiracy.

Defendant does not argue that Plaintiffs have failed to properly allege violations of their constitutional rights. Defendant does not dispute that the constitutional rights at issue were clearly established or contend that a reasonable officer in his position would not have known of those rights. Defendant Kemper argues that he was not personally involved in the alleged unlawful conduct, yet Plaintiffs' Complaint alleges that he was so involved. If the Court accepts Plaintiffs' alleged facts (which Defendant disputes) as true, it cannot find Defendant Kemper entitled to the qualified immunity defense.

Plaintiffs' Complaint sufficiently alleges a claim against Defendant Kemper, by name and as a MNPD Defendant, to go forward and Defendant Kemper is not entitled to qualified immunity at this stage of the case. Accordingly, Defendant Kemper's Motion to Dismiss (Docket No. 68) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE