IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANGEL ENRIQUE NUNEZ ESCOBAR, et. al., )
)
Plaintiffs, )
) No. 3:11-cv-00994
v. ) Judge Campbell/Bryant
)
LEE GAINES, et. al., ) JURY DEMAND
)
Defendants )
)

# ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

Pursuant to LR 16.01(d), the following Initial Case Management Plan is **adopted**.

## 1. Jurisdiction and Venue

This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. §§ 1391(b)(2) and (e)(2) because a substantial part of the events and omissions giving rise to the Plaintiffs' claims occurred in this district and also under 28 U.S.C. § 1391 (e)(3) as at least one of the plaintiffs resides in this district.

## 2. Plaintiff's Theory of the Case

Each Plaintiff was at the Clairmont Apartments on the evening of October 20, 2010, when a team of ICE agents, MNPD officers, and private security guards raided numerous private residences without search warrants or consent from the residents and without the existence of any exigent circumstances that would justify a warrantless search. Once inside the homes, agents and officers detained the occupants without judicial warrant or other legal justification, searched

throughout the homes, and arrested several Plaintiffs without probable cause. Officers and agents also detained and interrogated, and in some cases arrested without any lawful justification, Plaintiffs as they sat in their lawfully parked cars or played outside. Without cause or reasonable suspicion, ICE agents and MNPD officers detained, interrogated and arrested Clairmont residents based on their ethnicity, skin color, physical appearance and national origin. Some of the Plaintiffs were subjected to physical and verbal abuse; others were interrogated, threatened or had firearms pointed at them. Many Plaintiffs were subjected to this illegal conduct in front of their families, including small children. Tracy Hall, acting on behalf of TriTex and Greystar, conspired with the other defendants to aid in the unlawful raid. Defendants were motivated by animus toward Plaintiffs based on their ethnicity, skin color, physical appearance and national origin. Each Plaintiff suffered and continues to suffer from the effects of that abusive conduct.

Plaintiffs allege violations of the Fourth Amendment's protection against unreasonable searches and seizures and the right to equal protection under the Fifth and Fourteenth Amendments.

### 3. Defendants' Theory of the Case

**Metro Defendants:**

Shaun Hardin: Detective Hardin denies all liability. Detective Hardin did not enter any apartment, question any individual, or search any room on October 20, 2010, without consent to do so. Additionally, all of his actions relating to the Clairmont Apartments law enforcement operation were objectively reasonable and for the lawful purpose of identifying and eliminating unlawful gang activity in that area. His purpose in that regard, and his investigation into activities in the area of Clairmont Apartments, originated after MNPD received repeated complaints about unlawful activity by known and suspected gang members in the area. Because

Detective Hardin did not violate the Constitution and acted objectively reasonably in all respects, he is entitled to qualified immunity.

Gary Kemper: Sergeant Gary Kemper denies all liability. Sergeant Kemper played merely a supervisory role in the operation and did not participate in any search, detention, or investigatory stop, whether consensual or otherwise. Sergeant Kemper played no role in the activities that are alleged in the Complaint.

### ICE Defendants:

The named ICE Agents and Officers in the Complaint were at all times which are the subject of the Complaint acting in the course and scope of their official duties as officers or agents of the United States. As officers and Agents of the United States acting in the scope and course of their official duties, they are entitled to the sovereign immunity of the United States. At all times and places which are the subject of the Complaint the Ice Officers and Agents performed their duties in accord with law. The Plaintiffs are entitled to no relief of any kind in this case from the ICE Officer or Agents.

### Private Party Defendants:

### Greystar, Tritex and Tracy Hall

Defendants Greystar Real Estate Partners, LLC ("Greystar"), Tritex Real Estate Partners, Inc. ("Tritex"), and Tracy Hall (collectively the "Clairmont Defendants") were not involved in a conspiracy of any type, did not violate any federally guaranteed right of any plaintiff, and otherwise did not act illegally or even improperly. They were not motivated by racial animus whatsoever toward Hispanics or any other ethnic, racial, or cultural group. To the contrary, the Clairmont Defendants welcomed and encouraged Latinos to reside at the Clairmont Apartment

complex, ensuring that management and on-site staff were bi-lingual so as to meet the needs of the multi-cultural tenants there.

To the extent that Plaintiffs' rights were violated, such violations resulted from the sole and exclusive direction of government agents and law enforcement officers acting under color of state and/or federal law. The Clairmont Defendants are private actors and did not engage in any conduct that could expose them to the type of potential liability governmental actors face. Indeed, the Clairmont Defendants were not even aware that there was to be a "raid" – as described by Plaintiffs – on October 20, 2011. They certainly did not participate in any raid, nor were they involved in the planning of it.

The Clairmont Defendants acted reasonable at all times to maintain the safety and welfare of the tenants, guests, and staff of the Clairmont Apartment complex.

### Paul West and Crime Suppression Services

Crime Suppression Services ("CSS") is a private security company, licensed by the State of Tennessee, owned and operated by Paul West. On or about October 6, 2010, CSS was hired by Greystar to provide 24/7 patrol and security services at the Clairmont Apartments.

Neither Paul West nor CSS knew, in advance, of the raid which was conducted by ICE and MNPD officers at the Clairmont Apartments on October 20, 2010. Neither Paul West nor any CSS employees participated in the planning or execution of the raid. Paul West and CSS employees did not search, detain, interrogate, or arrest any individuals, including the named Plaintiffs, on October 20, 2010. When the raid began, all CSS employees left the premises of the Clairmont Apartments.

Neither Paul West nor CSS conspired with any of the Defendants at any time, including with regard to the raid on October 20, 2010. Paul West d/b/a CSS denies that he or his

employees violated any rights of the Plaintiffs and denies all allegations as set forth in his Answer to the Complaint which is incorporated by reference herein.

**4. Identification of the issues:**

Defendants do not dispute jurisdiction or venue. Issues still in dispute are liability and damages.

**5. Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure**

Plaintiffs do not anticipate counter-claims, cross-claims, third-party claims, and joinder of other parties or claims, or class action certification, or the need for resolution of any issues arising under the above-cited rules.

**6. Witnesses**

To be disclosed in initial disclosures.

**7. Initial Disclosures and Staging of Discovery**

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures by **April 27, 2012**.

All discovery shall be completed by the close of business on **February 18, 2013**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **January 14, 2013**.

Any motion to amend the pleadings or join parties shall be filed by **January 4, 2013.**

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, each party shall be limited to **twenty-five (25)** such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Local Rule 33.01 shall govern. Plaintiffs (collectively) and Defendants (collectively) may take twenty five (25) depositions per side. If parties believe that this number is inadequate, such parties may file a motion demonstrating good cause to increase this permitted number.

By the close of business on **November 9, 2012,** the Plaintiffs shall declare to the Defendants the identity of their expert witnesses and provide all the information specified in Federal Rule of Procedure 26(a)(2)(B). Defendants shall declare their expert witnesses and provide the information specified in Rule 26(a)(2)(B) by **December 10, 2012.** Any and all expert depositions shall be completed by **February 18, 2013.**

## 8. Dispositive motions

All dispositive motions shall be filed by the close of business on **March 29, 2013** and any response thereto shall be filed by the close of business on **April 30, 2013.** Any reply shall be filed by the close of business on **May 17, 2013.** If dispositive motions are filed early, the response and reply dates shall be moved up accordingly. The motion and response memoranda are limited to 25 pages and the reply, if a reply is filed, is limited to five pages, absent Court permission for longer pleading.

## 9. Other deadlines

Additional Case Management Conferences by telephone shall be held on **July 10, 2012** and **November 28, 2012.** Both conferences shall be held at 9:30 a.m. Central time. The parties shall notify the Court in advance of the scheduled dates if the additional Case Management Conferences are not necessary. Ms. Herzfeld shall initiate these conference calls.

## 10. Subsequent case management conferences

Counsel for all parties will contact the court if any subsequent case management conferences are needed.

## 11. Alternate dispute resolution

By **December 28, 2012,** counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to

settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of the case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

**12. Target trial date**

The parties have requested that this action be set for trial on October 1, 2013. The trial is expected to last 10-12 days.

If this action is to be settled, the Law Clerk shall be notified by noon, **September 30, 2013.** If the settlement is reached thereafter resulting in the non-utilization of jurors (should any of the parties demand a jury), the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

The parties have requested that the pretrial conference be set on **September 17, 2013.**

It is so **ORDERED.**

**ENTERED** this the 27th day of March, 2012.

JOHN S. BRYANT
United States Magistrate Judge