IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANGEL ENRIQUE NUNEZ ESCOBAR, *et al.*,

        *Plaintiffs.*

v.

LEE GAINES, *et al.*,

        *Defendants.*

Civil Action No. 3:11-cv-994

Judge Campbell/ Bryant

## MOTION FOR AN ORDER TO SHOW CAUSE AND TO COMPEL PRODUCTION OF DOCUMENTS BY IMMIGRATION AND CUSTOMS ENFORCEMENT AND ICE DEFENDANTS

Plaintiffs respectfully move pursuant to Rules 45(e) and 37(a) of the Federal Rules of Civil Procedure (1) for an order to show cause as to why Immigration and Customs Enforcement should not be held in contempt for noncompliance with a subpoena *duces tecum* and (2) to compel ICE Defendants to produce documents.[1] In support of this motion, Plaintiffs state as follows:

### BACKGROUND

Plaintiffs are fifteen individuals who were at the Clairmont Apartments on the evening of October 20, 2010, when a team of Immigration and Customs Enforcement ("ICE") agents, along with Metropolitan Nashville Police Department ("MNPD") officers and others, raided numerous private residences without search warrants, consent from the residents, or exigent circumstances

---

[1] In an effort to simplify this discovery dispute, Plaintiffs have filed a single motion seeking relief from both ICE and ICE Defendants. ICE and ICE Defendants, both represented by counsel from the U.S. Attorney's office, have taken the position that Plaintiffs' subpoena and document requests must be responded to together; as a result, Plaintiffs address them together in a single motion.

that would justify a warrantless search. Among other claims, Plaintiffs allege that twelve individual ICE agents ("ICE Defendants") who participated in the planning, supervision, or execution of the raid violated the Fourth Amendment's protection against unreasonable searches and seizures and the right to equal protection under the Fifth and Fourteenth Amendments.[2]

In order to prosecute their claims, Plaintiffs promptly served ICE Defendants with document requests and interrogatories when Rule 26(a)(1) disclosures were served on April 27, 2012. *See* Ex. A, attached hereto.[3] Shortly thereafter, in an effort to be as thorough as possible and avoid any unnecessary discovery disputes, Plaintiffs also served non-party ICE with a *Touhy* subpoena requesting nearly the same documents on May 17, 2012, with a return date of June 7th. *See* Ex. B, attached hereto. The subpoena also set out, with respect to each set of documents requested, the relevance of the documents to the instant litigation. *See generally United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951); 6 C.F.R. §§ 5.41-5.48. Counsel from the U.S. Attorney's Office, Mr. Delk Kennedy, was served with both the document requests and the subpoena, and he has subsequently coordinated the responses to Plaintiffs' requests. However, despite several attempts by Plaintiffs' counsel to facilitate the production of documents by ICE and ICE Defendants, three months have passed since ICE and ICE Defendants were initially served with Plaintiffs' discovery requests, and their failure to produce the documents requested has left Plaintiffs with no choice but to file this Motion.

---

[2] Although this motion only seeks relief against ICE and ICE Defendants, Plaintiffs have also brought claims against MNPD officers and the owners, managers, and security officers of the Clairmont Apartments who, among other things, conspired with ICE Defendants.

[3] Because this motion relates to all of Plaintiffs' document requests served to ICE Defendants and also each of the requests included in their subpoena to ICE, the entirety of the document requests and subpoena are filed herewith pursuant to M.D. Tenn. Local Rule 37.01(b)(1).

2

ICE Defendants responded to Plaintiffs' document requests without producing any documents on June 21, 2012. *See* Ex. C, attached hereto.[4] Besides a boilerplate objection to every single document request as overbroad and unduly burdensome, ICE Defendants objected to each request on the grounds that any such "documents requested are in the possession and control of Immigration and Customs Enforcement." In correspondence thereafter on June 25, 2012, Mr. Kennedy further set out ICE's position that ICE Defendants would not produce any documents in response to the document requests and would instead produce documents only in response to the subpoena Plaintiffs served on ICE. *See* Ex. D, attached hereto. Significantly, ICE Defendants have never asserted that they do not have responsive documents in their actual possession, but instead have stated that only the agency would produce documents. Other than Mr. Kennedy's June 25 letter indicating that ICE intends to produce documents only pursuant to the subpoena, ICE has never served a written response to the subpoena, in spite of the subpoena's June 7th return date.

ICE also raised for the first time, by way of a Motion for a Privacy Protective Order filed with the Court on June 19, 2012, that ICE would limit its production of documents without the entry of a Protective Order under the Privacy Act. *See* 5 U.S.C. § 552a(a)(4)(referring to any collections of information about an individual maintained by a federal agency). After learning of ICE's request for such an Order, Plaintiffs' counsel promptly conferred with Mr. Kennedy regarding an agreed Privacy Order, which was filed jointly on July 10, 2012, and was signed by the Court on July 16th.

---

[4] Following expiration of the deadline to respond to Plaintiffs' document requests and inquiry by Plaintiffs' counsel, the parties subsequently agreed to an extension to June 21, 2012 for ICE's responses to Plaintiffs' discovery requests.

Entry of a Privacy Protective Order, however, has not resulted in production of the documents called for by the subpoena or document requests. When the considerable delay in production of documents was raised during the telephonic status conference held by this Court on July 10, agency counsel for ICE, Steve Ohrvall, reported that he had a "box" of documents that were being transmitted to Mr. Kennedy that day and that he was still in the process of obtaining other documents. Mr. Ohrvall represented that although he didn't know how many additional documents were outstanding, the first shipment would be the "lion's share" of ICE's production. The Court expressed a desire to get the case moving, and asked ICE, to the extent possible, to expedite the production of documents, and asked Plaintiffs' counsel to wait for ICE's upcoming production before taking further action. Plaintiffs' counsel followed up with Mr. Kennedy by letter the next day, asking that documents be produced as soon as possible. *See* Ex. E, attached hereto.

ICE subsequently produced documents, received by Plaintiffs' counsel on July 20, 2012, but it was hardly the "lion's share" of the documents requested by the subpoena. Of a total of 2191 pages produced, (a) approximately 466 pages were documents disclosed in ICE Defendants' Rule 26(a)(1) disclosures, which consisted entirely of a duplicate set of heavily redacted documents earlier produced in August 2011 in response to a FOIA request; (b) about 692 pages were the personnel files of six of the twelve ICE Defendants; and (c) the remaining approximately 1000 pages were characterized by ICE as responsive to Plaintiffs' subpoena. Of these "responsive" documents, however, nearly one third were print-outs of pleadings and docket entries from the immigration removal proceedings instituted by ICE against the individual Plaintiffs and pleadings and docket entries from this litigation. Other documents produced were

redacted or consisted of Plaintiffs' immigration files, media reports, and other materials.[5] In summary, the production represented only a small portion of the documents requested by Plaintiffs.

Plaintiffs' counsel again followed up by email on July 25, *see* Ex. F, attached hereto, and via teleconference on July 31 and August 3 with Mr. Kennedy regarding the production of the remainder of the documents requested by Plaintiffs. Mr. Kennedy has not been able to provide any update about when any further documents may be produced. As depositions in this case are scheduled to begin on September 11, 2012, Plaintiffs have filed this Motion with the objective of avoiding further delays of discovery in this matter.[6]

## ARGUMENT

**A.  ICE Has Failed To Produce Documents Required By the Subpoena.**

Plaintiffs' subpoena to ICE, mirroring substantially its document requests to ICE Defendants, seeks documents related to Plaintiffs, the Clairmont raid, and ICE's policies and practices. The requests, set out in the Rider to the subpoena attached hereto as Exhibit B, and,

---

[5] Upon reviewing the documents produced by ICE, Plaintiffs' counsel noticed the production of approximately 20 pages of material that appeared to be potentially covered by the attorney-client privilege. After Plaintiffs' counsel notified Mr. Kennedy of the production of those documents, his staff asserted a privilege, requested destruction of that material, and indicated that ICE's entire production would have to be withdrawn and replaced. As of the filing of this Motion, Plaintiffs have not received the production that ICE proposes be substituted for the July 20 production.

[6] The parties to this Motion have conferred in preparing a Joint Discovery Dispute Statement pursuant to M.D. Tenn. Local Rule 37.01(a), which is attached hereto as Ex. G.

pursuant to M.D. Tenn. Local Rule 37.01(b)(2), incorporated by reference herein,[7] request documents generally in the following areas:

- Documents relating to each of the individual Plaintiffs (Requests 1, 2);
- Documents regarding the planning, supervision, execution, and evaluation of the raid, including reports, photographs, recordings, emails, and electronic documents (Requests 3, 4, 5, 6, 7, 9, 10);
- Documents related to visits by ICE agents to the Clairmont Apartments (Request 8);
- Policies and procedures governing the actions of Nashville ICE agents in areas including searches, arrests, "knock and talks," and warrants (Requests 11, 12, 24);
- Aggregation of data regarding "knock and talks" conducted by ICE agents in Nashville (Request 13);
- Personnel policies and handbooks (Request 15);
- Training materials related to search and seizure procedures (Request 16);
- Organizational charts and job descriptions for ICE Defendants (Requests 17, 18);
- Personnel files for each ICE Defendant (Request 19);
- Documents related to complaints asserted against ICE Defendants (Requests 21, 22);
- Documents describing the purpose and duties of the Nashville Fugitive Operations Team and the Nashville Homeland Security Investigations team (Request 23); and
- Documents related to fugitive operations conducted by Nashville ICE agents that took place from January 1, 2009 to the present (Request 25).

---

[7] Plaintiffs' requests – none of which have been objected to or complied with by ICE – span five pages and, because ICE has not objected to the subject or scope of those requests, to ease this Court's review of this Motion, Plaintiffs have summarized the requests in the text of this Motion and, pursuant to Local Rule 37.01(b)(2), incorporated the full length of the requests by attaching them hereto.

Aside from the personnel files of Defendants Lee Gaines, Eric Lim, Lee Worsham, Bradley Epley, Brian Abrahamson, and Daniel Hastings, some documents containing references to the Plaintiffs, and a limited number of planning documents (portions of which are redacted), ICE has produced very few of the documents required by the subpoena, leaving the vast majority of the subpoena unanswered.  For instance, ICE has produced no policies or procedures regarding searches and "knock and talks," no personnel policies or training materials, no materials regarding complaints against the individual Defendants, and no electronically stored information of any kind.

Rule 45(e) specifically provides that a person who "fails without adequate excuse to obey [a] subpoena" may be held in contempt.  ICE has provided no explanation for its failure to fully produce documents and comply with the subpoena in total.  Significantly, ICE has not objected to the production of any of the materials called for by the subpoena.  *See Viking Yacht Co. v. Composites One LLC,* No. 3:07-mc-001, 2007 WL 869623, *2 (E.D. Tenn. Mar. 21, 2007) ("The failure to serve written objections within the time required by Rule 45(c)(2)(B) generally operates to waive any such objections.").  Rather, it has simply failed to comply with its obligations under Rule 45 to timely produce documents called for by the subpoena.

**B.**     **ICE Defendants Have Failed to Produce Documents in their Possession, Custody, or Control.**

ICE Defendants have refused to produce any documents whatsoever in this litigation, asserting that every single document requested by Plaintiffs is "in the possession and control of ICE."  *See* Exs. C & D, attached hereto.  However, the Sixth Circuit has rejected this as a basis to refuse production of documents, holding that actual possession of a document or the legal right to obtain it triggers a party's obligation to produce it under Rule 34.  *In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir. 1995)(rejecting the argument that Federal Reserve regulation stating that

7

responsive documents belonged to the government precluded a party's obligation to produce documents in its possession under Fed.R.Civ.P. 34). Presumably, ICE Defendants have ready access to their email accounts, operations dockets, training materials, investigation records, fugitive operations worksheets, law enforcement databases, and other documents and electronically stored information sought by Plaintiffs' document requests. Significantly, ICE Defendants have not denied having actual possession or access to the documents called for by Plaintiffs' document requests, rather, they have flatly refused to produce any documents whatsoever, claiming instead that the documents "belong" to ICE. Their refusal to produce materials is without legal justification. *See id.* [8]

ICE Defendants and ICE should not be permitted to avoid their discovery obligations under Rules 26 and 45 by asserting that ICE is in possession and control of the documents requested, while simultaneously obstructing the production of documents by the agency through avoidance and delays. ICE Defendants should be required to produce all documents in their possession, custody, or control, and any documents within the exclusive possession, custody, or control of the agency should be simultaneously produced.

Pursuant to Fed.R.Civ.P. 37(a)(1) and M.D. Tenn. L.R. 37.01(b)(3), the undersigned counsel for Plaintiffs hereby certify that they have attempted in good faith effort to confer with

---

[8] ICE Defendants' boilerplate objection to every single document request as overly broad and unduly burdensome, without any explanation for the objection, does not comply with the Federal Rules of Civil Procedure and should be disregarded. *See* Fed.R.Civ.P. 34(b)(2)(B)(party objecting must include reasons for objection); *Enron Corp. Savings Plan v. Hewitt Assoc., L.L.C.,* 258 F.R.D. 149, 159 (S.D. Tex. 2009)("The party resisting discovery must show specifically how each request is not relevant or how each question is overly broad, burdensome or oppressive . . . 'overly broad and unduly burdensome' is not adequate to voice a successful objection.")(citations omitted).

counsel for ICE and ICE Defendants to resolve by agreement the issues raised in this motion and that these efforts have been unsuccessful.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court (1) grant Plaintiffs' Motion for an Order to Show Cause and enter an Order requiring the production of the documents requested in Rider A of Plaintiffs' subpoena to ICE within 14 days; (2) grant Plaintiffs' Motion to Compel and enter an Order requiring production of the documents requested in Plaintiffs' Document Requests to ICE Defendants within 14 days; (3) enter an Order requiring ICE and ICE Defendants to pay Plaintiffs' reasonable attorney fees and expenses incurred in the filing of this Motion; and (4) grant any other relief this Court deems just.

Dated: August 3, 2012                                    Respectfully submitted,


                                                         /s/ Cara A. Hendrickson
                                                         One of Plaintiffs' Attorneys


Elliott Ozment, BPRN 4331                    Andre Segura*
Tricia Herzfeld, BPRN 026014                 Justin Cox*
Andrew Free, BPRN 30513                      Lee Gelernt*
Law Offices of Elliott Ozment                ACLU FOUNDATION IMMIGRANTS'
1214 Murfreesboro Pike                       RIGHTS PROJECT
Nashville, TN 37217                          125 Broad Street, 18th Floor
T: (615) 321-8888                            New York, New York 10004
elliott@ozmentlaw.com                        T: (212) 549-2660
tricia@ozmentlaw.com                         asegura@aclu.org
afree@ozmentlaw.com                          jcox@aclu.org
                                             lgelernt@aclu.org


*Admitted *pro hac vice*

Cecillia D. Wang*
ACLU FOUNDATION IMMIGRANTS'
RIGHTS PROJECT
39 Drumm Street
San Francisco, California 94111
T: (415) 343-0775
cwang@aclu.org

ATTORNEYS FOR JOSE ARSENIO QUINTANILLA GOMEZ, JAVIER ORLANDO DERAS, JUAN BAUTISTA MENDEZ MARTINEZ, ISIAS RAXCACO CAJBON, EDUARDO CAHUEC GARCIA, MARVIN BENJAMIN LOPEZ RAXICO, COSMER JUAREZ CAJBON, CARLOS ROBERT MENDEZ MARTINEZ, KIMBERLY CUSTIS, AND SHANNON NORIEGA LUCAS, as parent and next friend of her child, B.B.

| | |
|---|---|
| Matthew J. Piers* | Elliott Ozment, BPRN 4331 |
| José J. Behar* | Tricia Herzfeld, BPRN 026014 |
| Cara A. Hendrickson* | Andrew Free, BPRN 30513 |
| Jenna L. Miara* | Law Offices of Elliott Ozment |
| Hughes, Socol, Piers, Resnick & Dym, Ltd. | 1214 Murfreesboro Pike |
| 70 W. Madison St., Suite 4000 | Nashville, TN 37217 |
| Chicago, IL 60602 | T: (615) 321-8888 |
| T: (312) 580-0100 | elliott@ozmentlaw.com |
| mpiers@hsplegal.com | tricia@ozmentlaw.com |
| jbehar@hsplegal.com | afree@ozmentlaw.com |
| chendrickson@hsplegal.com | |
| jmiara@hsplegal.com | |

ATTORNEYS FOR ANGEL ENRIQUE NUNEZ ESCOBAR, DAVID SALGADO FIGUEROA, GERARDO MORTEO MENDEZ, JESUS ANTONIO SANCHEZ VILLABOS, AND JORGE PALENCIA SARMIENTO

*Admitted *pro hac vice*

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document will be served to counsel listed below by ECF on August 3, 2012.

Sam Delk Kennedy, Jr.
Office of the United States Attorney (MDTN)
110 Ninth Avenue, S
Suite A961
Nashville, TN 37203-3870
Delk.kennedy@usdoj.gov

Richard C. Mangelsdorf, Jr.
Brian F. Walthart
Leitner, Williams, Dooley, and Napolitan
414 Union Street, Suite 1900
Nashville, TN 37219
Chuck.mangelsdorf@leitnerfirm.com
Brian.walthart@leitnerfirm.com

Steve Ohrvall
Associate Legal Advisor
District Court Litigation Division
Office of the Principal Legal Advisor
U.S. Immigration and Customs Enforcement
7701 N. Stemmens Freeway, 8th Floor
Dallas, Texas 75247
Steven.g.ohrvall@ice.dhs.gov

Allison L. Bussell
Metropolitan Legal Department
P.O. Box 196300
Nashville, TN 37219
Allison.bussell@nashville.gov

William Gerald McCaskill, Jr.
LeVan, Sprader, Patton & McCaskill PLLC
150 Fourth Avenue, N
Suite 1020
Nashville, TN 37219
jmccaskill@lsplaw.net

/s/ Cara A. Hendrickson
One of Plaintiffs' Attorneys