IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANGEL ENRIQUE NUNEZ ESCOBAR, )
et al. )
) NO. 3-11-0994
v. ) JUDGE CAMPBELL
)
LEE GAINES, et al. )

MEMORANDUM

Pending before the Court is the Federal Defendants' Motion for Partial Dismissal (Docket No. 224). For the reasons stated herein, the Federal Defendants' Motion is GRANTED in part and DENIED in part.

FACTS

As this Court has previously summarized (Docket No. 86), this action is brought by 15 Plaintiffs who allege they were victims of a large-scale, warrantless "raid" by Immigration and Customs Enforcement ("ICE"), Metropolitan Nashville Police Department ("MNPD") and private security guards at the Clairmont Apartments in Nashville. Plaintiffs allege a conspiracy among all Defendants to "rid the Clairmont of Latino residents."

Plaintiffs' claims against the Federal Defendants (the "ICE agents") are: (1) *Bivens*[1] claims for violations of Fourth Amendment; (2) *Bivens* claims for violations of Fifth Amendment;

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 91 S.Ct. 1999 (1971), which held that a plaintiff could sue a federal agent for damages for Fourth Amendment violations.

(3) Section 1983[2] claims for violations of the Fourth and Fifth Amendments; (4) *Bivens* claims for conspiracy to violate the Fourth and Fifth Amendments; and (5) a Section 1985(3)[3] conspiracy to violate equal protection rights.

The Federal Defendants have moved to dismiss Plaintiffs' claims under 42 U.S.C. §§ 1983 and 1985(3) and Plaintiffs' claims of a general *Bivens* conspiracy for failure to state claims for which relief may be granted. The Federal Defendants have also moved to dismiss any claims of Plaintiff Jose Arsenio Quintanilla Gomez, any *Bivens* claims against Defendants Gaines, Koshar and Dickey, and any claim against any Federal Defendant concerning the playground allegations as to "B.B."

MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter*

---

[2] 42 U.S.C. § 1983, which provides a cause of action for violations of constitutional rights by one acting under color of state law.

[3] 42 U.S.C. § 1985(3), which provides a cause of action for conspiracy to violate constitutional rights.

*Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## PLAINTIFF GOMEZ

Plaintiff Gomez's claims have already been dismissed (Docket No. 175), and the Federal Defendants' Motion to Dismiss Plaintiff Gomez's claims is denied as moot.

## SECTION 1983

To prove a Section 1983 claim, a plaintiff must establish that: (1) he was deprived of a right secured by the United States Constitution or laws; and (2) the deprivation was caused by a person acting under color of state law. *Spurlock v. Whitley*, 971 F.Supp. 1166, 1175 (M.D. Tenn. 1997). The Federal Defendants argue that they were not acting under color of state law.

Section 1983 does not apply to actions against federal officials because they are not state actors acting under color of state law. *Benson v. United* States, 969 F.Supp. 1129, 1135 (N.D. Ill. 1997); *Booker v. Government*, 2013 WL 240797 at * 2 (E.D. Mich. Jan. 22, 2013). To the extent a plaintiff is alleging that his constitutional rights were violated by persons acting under color of federal law, that plaintiff's complaint would be properly construed as a *Bivens* action. *Id.*

Here, the allegations of the Second Amended Complaint (Docket No. 206), which the Court must accept as true, contend that the Federal Defendants, working with local law enforcement and others during an immigration-related raid, violated Plaintiffs' constitutional rights. The Federal Defendants were enforcing federal law. The Federal Defendants were acting under color of *federal* law, not state law.

Because Plaintiffs are alleging that their constitutional rights were violated by persons acting under color of federal law, Plaintiffs' Section 1983 claim is properly construed as a *Bivens* action. *Lewis v. Eichenlaub*, 2006 WL 3240683 at * 1 (E.D. Mich. Nov. 7, 2006). Accordingly, the Federal

Defendants' Motion to Dismiss Plaintiffs' Section 1983 claims against them is granted, and those claims are dismissed.

SECTION 1985(3)

To state a claim for conspiracy to violate civil rights under Section 1985(3), a plaintiff must prove (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *Johnson v. Hills & Dales General Hospital*, 40 F.3d 837, 839 (6th Cir. 1994); *Moniz v. Cox*, 2013 WL 216070 at * 3 (6th Cir. Jan. 22, 2013). The plaintiff must allege that the conspiracy was motivated by racial or other class-based invidiously discriminatory animus. *Id.*

Section 1985 does not have the state action requirement of Section 1983. *Benson*, 969 F.Supp. at 1135. Thus, federal officers may be sued in their individual capacities under Section 1985. *Id.*; *see also Baird v. Haith*, 724 F.Supp. 367, 384 (D. Md. 1988).

Plaintiffs' Second Amended Complaint alleges that Defendants conspired to deprive Plaintiffs of their constitutional rights because of their race. Plaintiffs have set forth facts sufficient to state a claim for conspiracy to violate civil rights under Section 1985(3). For example, Plaintiffs allege that at least as early as October 1, 2010, employees of the corporate Defendants communicated to the Federal Defendants their desire to "rid the Clairmont apartments of Latino residents" and met with the Federal Defendants numerous times to devise a plan to achieve this illegal goal. Docket No. 206, ¶¶ 201-208. Plaintiffs allege that in furtherance of their agreement, the Federal Defendants and others jointly developed a plan whereby, without judicial or administrative warrants, the Federal

Defendants, supported by the MNPD Defendants and others, stopped, detained and arrested more than 20 individuals based on their race, ethnicity, skin color and/or perceived national origin in violation of these persons' constitutional rights. Docket No. 206, ¶¶ 208-210; 211-213 and 245-249.

The Court finds that Plaintiffs' allegations contain sufficient factual matter, accepted as true, to state a claim to relief under Section 1985(3) that is plausible on its face.

## *BIVENS* ACTION

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, the United States Supreme Court held that a plaintiff could sue a federal agent in federal court for damages for violations of the Fourth Amendment rights to be free from unreasonable searches and seizures. *Bivens*, 91 S.Ct. 1999 at 2005. Subsequent Supreme Court decisions established that a so-called *Bivens* action could be brought against federal officials for violations of the due process protections of the Fifth Amendment and for violations of the Eighth Amendment's prohibition against cruel and unusual punishment. *Davis v. Passman*, 99 S.Ct. 2264, 2278-79 (1979) and *Carlson v. Green*, 100 S.Ct. 1468, 1474-76 (1980).

The Federal Defendants argue that there cannot be a *Bivens* conspiracy because *Bivens* applies only to individual officers. It is true that *Bivens* does not confer a right of action for damages against federal agencies or private entities acting under color of federal law. *Correctional Services Corp. v. Malesko*, 122 S.Ct. 515, 516-17 (2001). Plaintiffs' allegation of a conspiracy among individuals to violate federal law, however, is still a claim against the individual officers.

To the extent Plaintiffs claim a conspiracy among the Federal Defendants, the MNPD Defendants and the private entity Defendants herein for violations of Plaintiffs' constitutional rights, Plaintiffs have stated a *Bivens* claim against the Federal Defendants. As explained above, Plaintiffs'

allegations concerning a conspiracy are not conclusory or vague.

For these reasons, the Court finds that Plaintiffs have sufficiently pled *Bivens* conspiracy claims against the Federal Defendants for purposes of a motion to dismiss. The Second Amended Complaint contains sufficient factual matter, accepted as true, to state a claim to relief under *Bivens* that is plausible on its face. Defendants' Motion to Dismiss Plaintiffs' *Bivens* conspiracy claims against the individual Federal Defendants is denied.

## DEFENDANTS GAINES, KOSHAR AND DICKEY

Defendants assert that Plaintiffs' Second Amended Complaint fails to name Defendants Gaines, Koshar and Dickey in any place except in their identification as "Parties" to the action. Plaintiffs contend otherwise. This Court addressed a similar argument with regard to Defendant Gary Kemper. *See* Docket No. 86. Defendant Kemper argued that the Complaint referenced him by name only twice.

Defendants Gaines, Koshar and Dickey are identified in the Second Amended Complaint as "ICE Defendants." Docket No. 206, ¶¶ 27, 28 and 36. The Second Amended Complaint asserts that Defendants Gaines and Koshar were on-site supervisors of the alleged Clairmont raid and that Defendant Dickey participated in that raid. *Id*. Throughout the Plaintiffs' allegations, the ICE Defendants (including Gaines, Koshar and Dickey) are alleged to have conspired to violate Plaintiffs' constitutional rights and to deprive Plaintiffs of their equal protection and due process rights.

Plaintiffs have sufficiently alleged, for purposes of a motion to dismiss, that Defendants Gaines, Koshar and Dickey, as three of the ICE Defendants, participated in the misconduct alleged in the Second Amended Complaint. If Defendants Gaines, Koshar and Dickey dispute these facts, they may move for summary judgment at a later time; but the Court must accept the allegations of

the Second Amended Complaint as true for purposes of this Motion. Accordingly, Defendants' Motion to Dismiss Defendants Gaines, Koshar and Dickey is denied.

QUALIFIED IMMUNITY

The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009). Although the defendant bears the burden of pleading this defense, the plaintiff must show that the defendant is not entitled to qualified immunity. *Hayden v. Green*, 640 F.3d 150, 153 (6th Cir. 2011). Determinations of qualified immunity require the Court to answer two[4] questions: (1) whether the officer violated a constitutional right, and (2) whether that right was clearly established in light of the specific context of the case. *Hayden*, 640 F.3d at 153.[5]

Defendants ask for qualified immunity only as to Plaintiffs' claim about the playground encounter with a minor named "B.B." Defendants contend that nothing about the encounter with B.B. constituted a "seizure" for purposes of the Fourth Amendment and that, in any event, the officer is entitled to qualified immunity from this claim.

There are three types of permissible encounters between the police and citizens that do not require a warrant: (1) consensual encounter; (2) investigative detention; and (3) arrest. *United States*

---

[4] The Sixth Circuit Court of Appeals occasionally employs a three-step qualified immunity analysis, including whether the plaintiff offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Quigley v. Tuong Vinh Thai*, 2013 WL 627207 at * * 4 (6th Cir. Feb. 21, 2013).

[5] "The judges of the district court and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 129 S.Ct. at 818.

*v. Gross*, 662 F.3d 393, 398 (6th Cir. 2011). The consensual encounter may be initiated without any objective level of suspicion; the investigative detention must be supported by a reasonable suspicion of criminal activity; and the arrest is valid only if supported by probable cause. *Id*.

A "seizure" of a person within the meaning of the Fourth Amendment occurs when a police officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen. *United States v. Elmore*, 692 F.Supp.2d 915, 930 (E.D. Tenn. 2010). The test for the existence of a show of authority is an objective one: not whether the citizen perceived that he was being ordered to restrict his movement, but whether the officer's words and actions would have conveyed that to a reasonable person. *Id*. No seizure occurs when police ask questions of an individual and ask to examine the individual's identification so long as the officers do not convey a message that compliance with their requests is required. *United States v. Campbell*, 486 F.3d 949, 956 (6th Cir. 2007).

In *United States v. Mendenhall*, 100 S.Ct. 1870, 1877 (1980), the Supreme Court concluded that a person has been "seized" within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. *Id*.

Plaintiffs' Second Amended Complaint alleges that B.B., a 13-year-old child, was playing near the Clairmont on October 20, 2010, when the Federal and MNPD Defendants arrived at the apartment complex. Docket No. 206, ¶¶ 181-82. Plaintiffs aver that B.B. started walking home and

was ordered by an unnamed ICE agent, who blocked his path, to "stop right there." *Id*. at 182-83. Plaintiffs contend that the agent demanded to know where B.B. was from, where he was born, and the date of his birth. Once B.B. answered the questions, the agent told him he was free to leave. *Id*. at 184-85. Plaintiffs assert that B.B. was frightened during this detention and questioning and did not feel free to leave. *Id*. at 186.

The Court finds that a reasonable minor, ordered by an officer to "stop right there," particularly where the officer was blocking his path, would not feel free to leave. Thus, Plaintiffs have sufficiently alleged, for purposes of a Motion to Dismiss, that it was a seizure, requiring at a minimum that the officer have a reasonable, articulable suspicion of criminal activity. Plaintiffs have alleged that B. B. did not feel free to leave and was seized without a reasonable, articulable suspicion of criminal activity. Moreover, Plaintiffs have sufficiently alleged violation of a clearly established constitutional right, precluding qualified immunity on this claim. Therefore, Defendants' Motion to Dismiss the claim involving B.B. is denied.

## CONCLUSION

For all these reasons, the Federal Defendants' Motion for Partial Dismissal (Docket No. 224) is granted in part and denied in part. Plaintiffs' claims against the Federal Defendants for Section 1983 violations are dismissed.

IT IS SO ORDERED.

                                                  TODD J. CAMPBELL
                                                  UNITED STATES DISTRICT JUDGE