IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANGEL ENRIQUE NUNEZ ESCOBAR, )
et al., )
 )
    Plaintiffs, )
 ) No: 3:11-0994
        v. ) Judge Campbell/Bryant
 ) Jury Demand
LEE GAINES, et al., )
 )
    Defendants. )

## MEMORANDUM AND ORDER

The "federal defendants" have filed their motion for clarification (Docket Entry No. 238) of the protective order entered by the Court on December 4, 2012 (Docket Entry No. 218). Specifically, these defendants request clarification regarding two particulars: (1) whether this protective order requires individual federal defendants physically to leave depositions temporarily while questions are asked about plaintiffs' immigration status, and (2) whether counsel for these defendants are prohibited from disclosing to these defendants information obtained in discovery regarding plaintiffs' immigration status.

Plaintiffs have filed a response (Docket Entry No. 241), and the federal defendants have filed their reply (Docket Entry No. 242).

The federal defendants' motion for clarification is GRANTED, and the requirements of the subject protective order are clarified, as stated below in this memorandum and order.

## Statement of the Case

Plaintiffs have filed this civil rights action alleging that the federal defendants, and others, violated plaintiffs' constitutional rights during what plaintiffs characterize as a "raid" at the Clairmont Apartments in Nashville, Tennessee, on October 10, 2010. Plaintiffs claim that defendants, without warrants, probable cause, or consent of the plaintiffs, wrongfully entered apartments and interrogated and detained plaintiffs in violation of their rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and federal civil rights laws.

Defendants have denied liability and assert that they acted with consent of plaintiffs or under other circumstances that would make their actions lawful.

## Analysis

On December 4, 2012, the undersigned Magistrate Judge granted in part and denied in part plaintiffs' motion and entered a protective order (Docket Entry No. 218). The federal defendants' present motion seeks clarification of the terms of that protective order. Specifically, these defendants seek clarification of two questions: (1) whether the named federal defendants are required physically to leave the room during deposition questions regarding the plaintiffs' immigration status, and (2) whether defense counsel are prohibited from disclosing to the federal defendants

2

information regarding plaintiffs' immigration status obtained through discovery.

In support of their motion, the federal defendants make several arguments. First, they argue that although a court has the authority to control discovery, parties should not be excluded from a deposition except in truly extraordinary circumstances, which do not exist here. Second, defendants insist that the fact that the presence of a defendant might be "intimidating" to a plaintiff or a plaintiff's witness is not sufficient reason to disturb a defendant's right to be present in the deposition. Third, defendants argue that the explicit prohibition in the protective order against use of the subject information other than for this case is sufficient protection against misuse of this evidence. Finally, defendants say that the protective order, taken literally, would unjustifiably prohibit defense counsel from discussing with the federal defendants testimony obtained in depositions regarding the plaintiffs' immigration status.

In response, plaintiffs argue that defendants' motion for clarification is untimely. Plaintiffs say that, although entitled a motion for clarification, defendants' motion is actually one seeking reconsideration of the Court's ruling on the motion for protective order. Therefore, plaintiffs insist that defendants' motion should have been filed within fourteen (14) days of the entry of the protective order, citing Federal Rule of Civil

3

Procedure 72(a) and Local Rule 7.01(b). Plaintiffs argue that since defendants' motion for clarification was not filed until 93 days after entry of the protective order, defendants' motion should be denied as untimely.

With respect to the merits of defendants' motion, plaintiffs assert that courts routinely enter protective orders that limit a party's access to highly sensitive information, that information regarding plaintiffs' immigration status is highly sensitive because misuse of such information could expose plaintiffs to severe and irreversible harm, and that the terms in the protective order limiting use of such information to this case are insufficient to safeguard against harm to plaintiffs. As factual support for these arguments, plaintiffs say that among the fourteen plaintiffs, two are United States citizens and therefore not subject to removal proceedings by Immigration & Customs Enforcement ("ICE"), the federal defendants' employer. All other plaintiffs have been the subject of ICE removal proceedings, and three plaintiffs have already been removed from the country. Eight plaintiffs are the subject of ongoing removal proceedings, and the removal proceeding against one other plaintiff has been administratively closed subject to being reopened by ICE (Docket Entry No. 241 at 7 n.2).

In their reply, defendants argue that restricting the named defendants from hearing discovery testimony about plaintiffs' immigration status is "absurd," that to require the defendants to

4

step outside the deposition room while questions are being asked about plaintiffs' immigration status is "an unnecessary annoyance," and that prohibiting defense counsel from discussing with defendants information learned through discovery about plaintiffs' immigration status is "a violation of due process." (Docket Entry No. 242).

Protective orders restricting access to particularly sensitive information to counsel only are "commonly granted." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 365 (6th Cir. 1999). Given the fact that twelve of fourteen plaintiffs have been the subject of removal proceedings by ICE, including three who have already been removed, the Court finds that information regarding plaintiffs' immigration status that may be obtained during discovery in this case is indeed highly sensitive, and that, if misused, could likely cause severe and irreparable injury to plaintiffs. On the other hand, the federal defendants have failed to articulate any specific way that depriving defendants of this information can materially hinder their defense of this action. As further explained in the protective order, the Court finds that information that defendants knew prior to and during the encounter with plaintiffs at the Clairmont Apartments is certainly relevant to the issues presented by this case. However, defendants have offered only conclusory arguments to show that limiting to defense counsel information regarding plaintiffs' immigration status obtained through discovery would materially impair defendants'

5

ability to defend the claims advanced in this case.

For the foregoing reasons, the undersigned Magistrate Judge GRANTS the federal defendants' motion for clarification, and clarifies the protective order as follows: During depositions of plaintiffs or plaintiffs' nonparty witnesses, the individual federal defendants, upon request, shall be excused from the room temporarily while questions are being asked that call for answers revealing plaintiffs' immigration status. In addition, defense counsel shall be prohibited from discussing with the defendants such evidence obtained through discovery pending further orders of this Court.

It is so **ORDERED**.

s/ John S. Bryant<br>
JOHN S. BRYANT<br>
United States Magistrate Judge