IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
ANGEL ENRIQUE NUNEZ ESCOBAR,   )
et al.,                        )
                               )
     Plaintiffs,               )
                               )   No: 3:11-0994
          v.                   )   Judge Campbell/Bryant
                               )   Jury Demand
LEE GAINES, et al.,            )
                               )
     Defendants.               )
```

## MEMORANDUM AND ORDER

By order entered May 9, 2013, the undersigned Magistrate Judge set a hearing for May 24, 2013, at which nonparty Immigration and Customs Enforcement ("ICE") and the "ICE Defendants" were required to appear and show cause why Plaintiffs' motion for sanctions (Docket Entry No. 201) should not be granted (Docket Entry 251).

This hearing was conducted as scheduled on May 24, 2013. The responding parties called as a witness Melissa Russell, who is employed as a legal assistant in the office of the United States Attorney for the Middle District of Tennessee. Ms. Russell testified in general that she is a legal assistant to Mr. Roden, counsel for the ICE Defendants in this action. Ms. Russell testified that, among her duties, she has been responsible for receiving documents and other information responsive both to Plaintiffs' requests for production served upon the ICE Defendants and to the Rule 45 subpoena served by Plaintiffs upon nonparty ICE. When responsive documents were received in the Nashville United

States Attorney's Office, it has been Ms. Russell's responsibility to place numbers on those documents, make electronic copies of those documents on compact discs, and mail the copies to counsel for the parties. The responding parties offered into evidence a table summarizing the dates and numbers of various documents produced so far in response to Plaintiffs' requests for production. This table was marked as Exhibit 1, and was referenced during the course of Ms. Russell's testimony.

The responding parties also called as a witness at this hearing Scott Whitted, an attorney, who is deputy chief of the office overseeing district court litigation for ICE. Mr. Whitted testified that he is the supervisor of Steven Ohrvall, an attorney who has been assigned to this case and given responsibility to direct production of information responsive to the Rule 45 subpoena served by Plaintiffs upon ICE.

Mr. Whitted testified at length about the status of production by ICE of the documents and information requested by Plaintiffs. Without restating Mr. Whitted's testimony in detail and item by item, he reported in summary that much of the information requested has by now been produced to Plaintiffs, including a significant additional production to be made on the date of the hearing, and that upon investigation it has been determined that certain documents sought by Plaintiffs do not exist. Additionally, Mr. Whitted testified that certain information, most notably

2

responsive emails, had not been produced as yet because they are presently undergoing review to determine whether they contain information that would be subject to a claim of privilege. Further, Mr. Whitted testified that certain requested information was in the possession, custody or control of telephone service providers, and that the responding parties had served subpoenas seeking this information upon the service provider on May 3, 2013.

From the evidence before the Court, the undersigned Magistrate Judge is able to make several findings:

1. On April 27, 2012, Plaintiffs served their first set of requests for production on the ICE Defendants (Docket Entry No. 159-1). Shortly thereafter, on May 17, 2012, Plaintiffs served a Rule 45 subpoena upon nonparty ICE seeking production of the same or similar documents (Docket Entry No. 159-2).

2. After ICE and the ICE Defendants failed to respond to the requests for production and subpoena, Plaintiffs on August 3, 2012, filed their motion to compel production (Docket Entry No. 158). After nonparty ICE and the ICE Defendants failed to respond in opposition, the undersigned Magistrate Judge on September 24, 2012, granted Plaintiffs' motion to compel and ordered ICE and the ICE Defendants to produce responsive information within their possession, custody or control no later than Monday, October 15, 2012 (Docket Entry No. 172).

3. Nonparty ICE and the ICE Defendants have since made several partial productions of responsive information, but none before August 6, 2012, when Plaintiffs' filed their motion to compel. Additional partial productions by these responding parties have been made on October 12, 2012, March 6, 2013, March 21, 2013, May 3, 2013, and May 21, 2013. According to information provided by the responding parties, the approximate number of pages of information produced through May 21, 2013, is 18,007 pages.

4. The production of documents by ICE and the ICE Defendants has been untimely and, as of the date of the hearing, incomplete. It appears that the failure to produce the subject documents in compliance with the Federal Rules of Civil Procedure is likely the result of several factors: the breadth and diversity of the document requests; and the location of categories of information at different places and in different agency offices, some of which have not been particularly compliant with requests to locate and send responsive information to counsel (described at the hearing as "bureaucratic lethargy"). More troubling, however, is evidence demonstrating that these responding parties did not begin to seek responsive information in some instances for many months after being served with the Plaintiffs' requests for production. For example, the evidence suggests that the responding parties' efforts to locate email and other electronic discovery did not begin until September 2012 and that the first contact by defense counsel with the Plaintiffs' lawyers to discuss search terms for

4

this information occurred n October 2012. Moreover, at least insofar as it appears of record, the responding parties have not objected to any discovery sought by Plaintiffs, nor have they filed motions to extend the time within which they could serve responses.

From all the evidence before the Court, the undersigned Magistrate Judge finds that ICE and the ICE Defendants have failed to search for and produce responsive documents with the diligence that the Rules require, that they have failed to comply with a previous order of the Court ordering such production by October 15, 2013, and that this failure was not substantially justified.

Therefore, the undersigned Magistrate Judge orders as follows:

1. ICE and the ICE Defendants shall complete all remaining production of responsive information no later than **Monday, July 15, 2013.**

2. Pursuant to Rule 37(b)(2)(c), nonparty ICE shall pay to Plaintiffs their reasonable attorneys' fees and expenses incurred with respect to Plaintiffs' motion to compel production of documents (Docket Entry No. 158) and Plaintiffs' motion for an order to show cause and for sanctions (Docket Entry No. 201).

3. Plaintiffs shall file on or before **Wednesday, June 26, 2013**, a detailed statement supporting a claim for attorneys' fees and expenses incurred by Plaintiffs related to the above-referenced motion.

It is so **ORDERED**.

                                                s/ John S. Bryant
                                                JOHN S. BRYANT
                                                United States Magistrate Judge