# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| ESCOBAR, et al. ) | |
|     *Plaintiffs* ) | |
| ) | |
| v. ) | Civil Action No. 3:11-cv-0994 |
| ) | |
| GAINES, et al ) | |
| ) | |
|     *Defendants.* ) | |

## DECLARATION OF TRICIA HERZFELD

I, Tricia Herzfeld, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746. That the following is true and correct:

1. I am an attorney licensed to practice in Tennessee, Florida and West Virginia; admitted to practice in the United States District Courts for the Eastern, Middle, and Western Districts of Tennessee, the U.S. District Court for the Southern District of West Virginia, and the Fifth and the Sixth Circuit Courts of Appeals.

2. I attended George Washington University where I obtained a Bachelor of Arts in Communication in 1997 and George Washington University Law School where I received my Juris Doctor in 2001.

3. I am Senior Counsel at Ozment Law where I practice criminal law and civil rights. I have practiced law for twelve years. Initially, I practiced criminal law for three years as an assistant public defender in the Miami Public Defenders Office. In 2005, I moved to Charleston, West Virginia where I practiced with Flaherty, Sensabaugh and Bonnasso, LLP, for nearly two years, where my practice primarily focused on litigating insurance defense claims. In 2006, I moved to Nashville, Tennessee, where I became the staff attorney (and eventually Legal

Director) for the ACLU Foundation of Tennessee. In my role as litigation counsel for the ACLU Foundation of Tennessee, I litigated constitutional law matters in state and federal courts throughout Tennessee. I continue to litigate constitutional matters at Ozment Law, where I have been practicing for one year.

4. Immediately following the raid on October 20, 2010, when ACLU-TN and Ozment Law initially learned of the violations alleged in this case, we quickly realized the magnitude of the case. It was not long into our investigation before we concluded that a team consisting solely of myself (at ACLU-TN), Andrew Free (Ozment Law), and Elliot Ozment (Ozment Law), would not be nearly sufficient to effectively staff and prosecute this case given the large number of plaintiffs involved and the complexities of the facts and constitutional claims.

5. As counsel for the ACLU-TN, I oversaw the efforts to find additional counsel with sufficient expertise in litigating these types of constitutional claims and sufficient staff to cover what I anticipated would be a very discovery intensive case.

6. I reached out to numerous law firms in Nashville, as our preference was to have a local law firm, to assist us in this case, but I was unable to locate a Nashville firm willing to litigate the *Escobar* case. Over several months of looking for a Nashville firm, I was rejected by every single law firm I approached in Nashville. The reasons were varied. Some of the explanations provided to me were: 1) conflict of interest with Metro Government; 2) insufficient staff time available to dedicate to such a large case; 3) inability of plaintiffs to pay lawyers hourly and lack of financial advantages to taking the case; and 4) lack of interest in pursuing litigation against the federal government on behalf of clients who are the subject of removal proceedings.

7. I also consulted with the ACLU Foundation Immigrants' Rights Project (ACLU-IRP) in New York, which has specialized knowledge and experience in litigation involving immigrants' rights that was not available locally. In addition, because ACLU- IRP itself does not have the resources to litigate a case of this size, I asked ACLU- IRP to assist us in locating a firm with the experience and resources to litigate this case.

8. ACLU-IRP secured the services of Hughes, Socol, Piers, Resnick & Dym ("HSPRD"), to assist us in prosecuting the *Escobar* case.

9. Along with my co-counsel at HSPRD and the ACLU, I have represented the plaintiffs in this matter since the beginning of this litigation.

10. It is the policy of Ozment Law to record the time that the lawyers and other professional staff spend working on any legal matter on a daily basis. These records are kept on a continuous basis in the course of regular business at Ozment Law.

11. <u>Exhibit A</u> to this declaration is a billing statement related to this Application for Fees and Expenses compiled form Ozment Law's contemporaneous records. By this declaration, I attest that the billing statement reflects work reasonably and necessarily performed in in connection with Plaintiffs' Motion to Compel Production of Documents and Motion for an Order to Show Cause and for Sanctions in this matter, including time conferencing with ICE counsel, preparing court pleadings, and preparing for and attending court conferences.

12. Ozment Law's detailed billing records reflect that, as of the date of this filing, Ozment Law's attorneys and professional staff involved in this case have accumulated approximately $4,725.00 in lodestar based on the amount of work performed and the hourly billing rates set forth in Paragraph 13 below for this Application. Ozment Law also seeks an

additional $142 dollars in fees related to the preparation of the Application for Fees and Expenses.

13. Ozment Law applied the following hourly rate schedule to work performed by Ozment Law attorneys and staff during the course of this litigation: Tricia Herzfeld - $325.00 per hour; Andrew Free- $195.00 per hour; and Will York - $150.00 per hour.

14. Andrew Free is a 2011 graduate of Vanderbilt University Law School, where he was a Dean's Scholar and received the Bennett Douglas Bell Memorial Prize upon graduation. He has been Litigation Counsel at Ozment Law since 2011. Will York is a 2011 graduate of Case Western Reserve University School of Law and a Law Clerk at Ozment Law.

15. Based on my seven years of legal practice in the Nashville, Tennessee market, I am confident that the above-listed hourly rates charged by the attorneys representing the plaintiffs in this litigation are reasonable and fall squarely within the range of market rates charged in Nashville, Tennessee by attorneys with similar experience.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 3rd day of July 2013.

*[signature: Tricia Herzfeld]*

_____
TRICIA HERZFELD

# Exhibit A to Herzfeld Declaration

# OZMENT LAW STATEMENT OF FEES

<u>Fees and Hours Related to Fed. R. Civ. P. 37 Award</u>

| Name | Date | Hours | Tasks Performed |
|---|---|---|---|
| Andrew Free | 8/02/2012 | 0.7 | Review Motion to Compel drafted by HSPRD; email team w/ revisions |
| Tricia Herzfeld | 8/3/2012 | 0.5 | Review Motion to Compel and for Order to Show Cause and emails re: revisions to same |
| Andrew Free | 8/03/2012 | 0.5 | Review motion for order to show cause; teleconference with Ms. Hendrickson re: same |
| Tricia Herzfeld | 8/27/2012 | 0.4 | Review Motion to Ascertain Status/draft and responses thereto; conference with Ms. Hendrickson re: same |
| Andrew Free | 9/12/2012 | 0.2 | Draft Motion for Hearing |
| Tricia Herzfeld | 9/24/2012 | 0.3 | Review Order on Show Cause Motion |
| Andrew Free | 9/24/2012 | 0.2 | Read Order on motion to compel/for order to show cause |
| Andrew Free | 10/16/2012 | 0.6 | Review ICE responses to order to show cause; teleconference with Ms. Miara re: ICE discovery |
| Andrew Free | 10/17/2012 | 0.8 | Review ICE documents for Motion to Show Cause |
| Tricia Herzfeld | 10/23/2012 | 0.1 | Review ICE Motion for Discovery Conference |
| Tricia Herzfeld | 10/26/2012 | 0.4 | Review drafts of Motion to Show Cause and various edits from co-counsel |
| Andrew Free | 10/26/2012 | 0.4 | Review draft of motion for rule to show cause & for attorney fees; review & edit memorandum in support |
| Andrew Free | 10/29/2012 | 0.5 | Teleconference with Judge Bryant's chambers re: his availability; email correspondence with Ms. Miara re: discovery |
| Andrew Free | 11/16/2012 | 0.4 | Teleconference with Mr. Roden re: Escobar Contempt Order |
| Tricia Herzfeld | 11/19/2012 | 0.3 | Review Plaintiffs's Opposition to Extension of Time motion filed by ICE and email between co-counsel re: the same |
| Tricia Herzfeld | 11/30/2012 | 0.2 | Review ICE response to Motion for Order to Show Cause |
| Andrew Free | 12/17/2013 | 0.5 | Conference call with ICE re: discovery |
| Andrew Free | 1/04/2013 | 0.6 | Conference call with ICE re: discovery |
| Tricia Herzfeld | 1/10/2013 | 0.3 | Review draft letter to ICE re: production of documents and emails re: same |
| Andrew Free | 4/12/2013 | 0.3 | Review letter from Ms. Hendrickson to Mr. Roden re: ICE discovery documents; send comments to co-counsel |
| Tricia Herzfeld | 4/15/2013 | 0.2 | Review Motion to Ascertain Status and emails between co-counsel re: the same |
| Andrew Free | 4/15/2013 | 0.7 | Read letter from Ms. Hendrickson to Mr. Roden re: ICE discovery documents; review motion to ascertain case status; email co-counsel with comments; review Ms. Miara's edits to letter to Mr. Roden; email correspondence with Ms. Hendrickson re: edits to letter |
| Tricia Herzfeld | 5/1/2013 | 0.8 | Telephone Conference with co-counsel re: ICE discovery/ lack |

| Name | Date | Hours | Tasks Performed |
|---|---|---|---|
| | | | thereof, and conference with the Court |
| Tricia Herzfeld | 5/3/2013 | 1.8 | Telephone Conference with Judge Bryant and all counsel re: status of discovery; telephone conference with co-counsel to discuss telephonic conference with Judge Bryant re: discovery and ICE deficiencies |
| Tricia Herzfeld | 5/24/2013 | 5.4 | Attend hearing on Motion to Show Cause against ICE (including travel to/from, discussions with counsel pre-hearing, collecting discovery discs from ICE, and debriefing with co-counsel after hearing) |

| | | | |
|---|---|---|---|
| **Total Hours and Fees:** | | 17.1 Hours | $4,725.50 |

### Fees and Hours Preparing Fee Application

| Name | Date | Hours | Tasks Performed |
|---|---|---|---|
| Andrew Free | 6/21/2013 | 0.3 | Review and revise memorandum drafted by Mr. York re: availability of attorneys' fees under Rule 37 |
| Will York (Clerk) | 6/21/2013 | 0.5 | Synthesize cases re: attorneys' fees under Rule 37 |
| Tricia Herzfeld | 6/23/2013 | 0.9 | Review and edit time entries for fee petition |
| Tricia Herzfeld | 6/23/2013 | 0.8 | Prepare declaration for fee petition |
| Will York (Clerk) | 6/30/2013 | 1.7 | Review and edit time entries for fee petition |
| Tricia Herzfeld | 7/3/2013 | 0.3 | Review fee statement |

| | | | |
|---|---|---|---|
| **Total Application Hours & Fees:** | | 4.5 Hours | $1,038.50 |
| **Total Application Fees Sought:** (capped at 3% of $4,725.50) | | | $142.00 |

### TOTAL OZMENT LAW FEES

| | |
|---|---|
| **Total Fees Incurred By Ozment Law** | $5,764.00 |
| **Total Fees Sought By Ozment Law** | $4,867.50 |