IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANGEL ENRIQUE NUNEZ ESCOBAR,   )
et al.   )
   ) NO. 3-11-0994
v.   ) JUDGE CAMPBELL
   )
LEE GAINES, et al.   )

MEMORANDUM


Pending before the Court, among other things, is a Motion for Summary Judgment filed by

Defendants Hardin and Kemper (the "Metro Defendants") (Docket No. 378). For the reasons stated

herein, the Motion is GRANTED in part and DENIED in part.

INTRODUCTION

The Court assumes the reader is familiar with the facts alleged by the parties, which are in

conflict, and will discuss the facts only as related to each issue. Plaintiffs allege claims against the

Metro Defendants for conspiracy to violate Plaintiffs' Fourth, Fifth and Fourteenth Amendment

rights under 42 U.S.C. §1983, *Bivens*,[1] and 42 U.S.C. §1985(3). In addition, the Third Amended

Complaint asserts a Fourteenth Amendment (Equal Protection) Claim against Defendant Hardin.[2]

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and

the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State*

---

     [1]    *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

     [2]    Plaintiffs agreed to dismiss their substantive Fourteenth Amendment claim (Ninth Cause of Action) against Defendant Kemper. Docket No. 435, p. 49, n. 55.

*Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## CONSPIRACY

As noted above, Plaintiffs allege claims against the Metro Defendants for conspiracy to violate Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights under 42 U.S.C. §1983, *Bivens*, and 42 U.S.C. §1985(3). The Metro Defendants contend that Plaintiffs' conspiracy claims against them fail because Plaintiffs cannot establish that they acted with an objective of ridding the Clairmont Apartments of Latino residents or otherwise discriminating against the Plaintiffs based on race or national origin. The Metro Defendants also claim that they had no knowledge of anyone

2

else's purported objective to that effect. They argue that Plaintiffs have failed to allege sufficient facts to state any claim against Defendant Kemper and that they both are entitled to qualified immunity for Plaintiffs' claims.

A Section 1983 conspiracy claim requires proof of an agreement between two or more persons, acting under color of state law, to deprive another of any rights, privileges and immunities secured by the U.S. Constitution or laws. To prevail, a plaintiff must prove (1) a single plan existed, (2) the defendant shared in the general conspiratorial object to deprive the plaintiff of his constitutional rights, and (3) an overt act was committed in furtherance of the conspiracy that caused injury to the plaintiff. *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011); *see also Keppler v. Haslam*, 2013 WL 1668254 at * 5 (M. D. Tenn. April 17, 2013). Express agreement among all the conspirators is not necessary to find the existence of a conspiracy, and each conspirator need not have known all of the details of the illegal plan or all of the participants involved. *Bazzi* at 602.

42 U.S.C. § 1985(3) provides a cause of action for conspiracies to deprive individuals of their civil rights. The statute makes damages available against those who conspire to deny any person or persons the equal protection of the laws. *Hines v. Town of Vonore*, 912 F. Supp.2d 628, 653 (E.D. Tenn. 2012). To establish a viable claim under Section 1985(3), a plaintiff must show (1) a conspiracy involving two or more persons; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy (4) which causes a deprivation of a right or privilege. *Id.* A plaintiff must also establish that the conspiracy was motivated by a class-based animus. *Id.*; *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005).

The Metro Defendants do not dispute that they worked together and, at times, with the other Defendants. Neither do they dispute that they participated in the operation which Plaintiffs call the

3

"Raid." The Metro Defendants deny, however, that they had improper motives or conspired with anyone to rid the Clairmont of Latino or Hispanic residents.

On the other hand, Plaintiffs cite to meetings, e-mails and telephone calls among and between Defendant Hardin, the Federal Defendants and the Real Estate Defendants regarding the operation. Plaintiffs allege that Defendant Hardin, by virtue of those communications, was part of a conspiracy to rid the Clairmont of Hispanic residents. Moreover, Plaintiffs contend that Defendant Hardin communicated the plans and intentions to Defendant Kemper, who approved and participated in the operation that allegedly violated Plaintiffs' constitutional rights.

The allegations against Defendant Kemper are sparse.[3] Plaintiffs have agreed for purposes of summary judgment that Defendant Kemper did not personally stop, detain, search, seize or arrest any of the Plaintiffs. Docket No. 421, ¶ 23.

Yet unless and until the factfinder determines what, if anything, Kemper knew; what, if anything, Kemper approved; and what, if anything, Kemper did on the night in question, the Court cannot grant judgment as a matter of law on the conspiracy claims. Similarly, with Defendant Hardin, Plaintiffs allege more specific communications, meetings and actions than with Defendant Kemper, but the Court cannot decide the underlying disputed facts on summary judgment. For the same reasons, the Court cannot grant judgment as a matter of law on Plaintiffs' substantive Fourteenth Amendment (Equal Protection) claim (Ninth Cause of Action) against Defendant Hardin.

---

[3] The Court previously denied Defendant Kemper's Motion to Dismiss the claims against him (Docket No. 86). Of course, the standard for ruling on a Motion to Dismiss is different from the standard for ruling on a Motion for Summary Judgment.

4

For example, Plaintiffs have alleged that the Defendants collaborated and cooperated for several weeks before the October 20, 2010 "Raid" through e-mails, phone calls and meetings. The nature and extent of that collaboration and cooperation is hotly contested. The motive of the Clairmont Defendants in contacting law enforcement is also contested. What was said by whom to whom and whether there were actual threats of violence are disputed.

The Metro Defendants contend that they cannot be liable under *Bivens* because they were not acting under color of federal law. They admit they were acting under color of state law. They argue that their role was to address state law violations, while ICE agents' role was to address violation of federal criminal or immigration laws.

*Bivens* held that when a federal agent, acting under color of his authority, violates the Constitution, the victim may recover damages against the individual agent. *Bivens*, 403 U.S. 388, 389 (1971). Such claims are the counterpart to suits under Section 1983 against individuals acting under color of state law. *Vecto Research, Inc. v. Howard & Howard Attorneys*, 76 F.3d 692, 698 (6th Cir. 1996). If the Metro Defendants were willing participants in joint activity with the Federal Defendants and jointly acted with agents of the federal government, they could be acting under color of federal law. *Bender v. General Services Adm.*, 539 F.Supp.2d 702, 707-08 (S.D. N.Y. 2008).

Plaintiffs contend that the Metro Defendants and the Federal Defendants jointly planned, conspired and executed the "Raid." Plaintiffs argue that Hardin and Kemper were acting under color of *both* state and federal law or, at the very least, there are genuine issues of material fact as to whether they were acting under color of federal law.

As with the Federal Defendants' argument that they were not acting under color of state law, the Court cannot determine whether the Metro Defendants were acting under color of federal law

5

until the factfinder determines what exactly happened on the night at question and whether the Defendants were all part of a conspiracy.

QUALIFIED IMMUNITY

The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009). Although the defendant bears the burden of pleading this defense, the plaintiff must show that the defendant is not entitled to qualified immunity. *Hayden v. Green*, 640 F.3d 150, 153 (6th Cir. 2011). The dispositive issue is whether it would have been clear to a reasonable officer in the agents' position that their conduct was unlawful in the situation they confronted. *Wood v. Moss*, 134 S.Ct. 2056, 2067 (2014). The court does not ask whether the officers are entitled to qualified immunity under the officers' version of the facts, but whether the plaintiff has disputed those facts. *Younes v. Pellerito*, 739 F.3d 885, 889 (6th Cir. 2014). Determinations of qualified immunity require the Court to answer two questions: (1) whether the officer violated a constitutional right,[4] and (2)

---

[4]    The Fourth Amendment protects citizens against unreasonable searches and seizures by law enforcement officials.  It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable. *Payton v. New York*, 445 U.S. 573, 586 (1980). The warrant requirement is subject to certain exceptions, such as exigent circumstances, *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006), and a search that is conducted pursuant to consent. *Fernandez v. California*, 134 S.Ct. 1126, 1128 (2014). Where an officer has, by means of physical force or show of authority, in some way restrained the liberty of a citizen, a "seizure" has occurred. *Terry v. Ohio*, 392 U.S. 1, 19 (1968). A person is "seized" within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. *United States v. Mendenhall*, 446 U.S. 544 (1980).
        The Fifth Amendment provides that no person shall be deprived of life, liberty or property without due process of law.  The liberty protected by the Fifth Amendment's Due Process Clause contains within it the prohibition against denying to any person the equal protection of the

6

whether that right was clearly established in light of the specific context of the case.  *Hayden*, 640 F.3d at 153.[5]

When the material facts are disputed as to what exactly happened, what the officers knew or did not know, what the officers did or did not do, the Court cannot determine whether it would have been clear to a reasonable officer in the agents' position that their conduct was unlawful in the situation they confronted.  Taking the facts as asserted by the Plaintiffs, there is sufficient evidence that a reasonable jury could find that the Metro Defendants conspired to violate the Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights or the jury could credit the Metro Defendants' contrary version of the material facts.  The bottom line is that a jury will have to determine whether the facts support a finding of conspiracy to violate constitutional rights.

CONCLUSION

For these reasons, the Metro Defendants' Motion for Summary Judgment is GRANTED in part and DENIED in part.  Plaintiffs' Ninth Cause of Action for substantive Fourteenth Amendment violation against Defendant Kemper is DISMISSED.

---

laws.  *United States v. Windsor*, 133 S.Ct. 2675, 2695 (2013).  An Equal Protection claim must assert that the plaintiff suffered class-based discrimination, such as race or national origin.  *Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir. 2000) (citing *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987)).

The Fourteenth Amendment provides that no State shall deny to any person the equal protection of the laws.  The Equal Protection Clause guarantees every person to be treated equally by the State, without regard to race.  *Fisher v. University of Texas at Austin*, 133 S.Ct. 2411, 2422 (2013)(Scalia, concurring); *Dixon v. University of Toledo*, 702 F.3d 269, 278 (6th Cir. 2012).

[5]     "The judges of the district court and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Pearson*, 129 S.Ct. at 818.

7

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE