IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANGEL ENRIQUE NUNEZ ESCOBAR, )
et al. )
) NO. 3-11-0994
v. ) JUDGE CAMPBELL
)
LEE GAINES, et al. )

MEMORANDUM

Pending before the Court, among other things, are two Motions for Summary Judgment filed by the "Real Estate Defendants"[1] (Docket Nos. 368 and 372). For the reasons stated herein, the Motions are GRANTED in part and DENIED in part.

INTRODUCTION

The Court assumes the reader is familiar with the facts alleged by the parties, which are in conflict, and will discuss the facts only as related to each issue. Plaintiffs allege claims against the Real Estate Defendants for conspiracy to violate Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights under 42 U.S.C. §1983, *Bivens*,[2] and 42 U.S.C. §1985(3) and for violations of the Fourteenth Amendment and the Fair Housing Act.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State*

---

[1] The "Real Estate Defendants" are Defendants TriTex Real Estate Advisors, Inc.; Trimont Real Estate Advisors, Inc.; Greystar Real Estate Partners, LLC; Greystar Management Services, LP; and Tracy Hall.

[2] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

*Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

CIVIL CONSPIRACY

Greystar Real Estate Partners

The Real Estate Defendants' first Motion relates to Plaintiffs' civil conspiracy claims. Defendants contend that Defendant Greystar Real Estate Partners, LLC is not a proper party to this lawsuit and should be dismissed. Defendants claim that Greystar Management, not Greystar Real Estate, contracted to manage the Clairmont and hired and paid the employees who worked at the Clairmont. Defendants argue that Greystar Real Estate Partners is a separate entity from Greystar

2

Management; did not own, lease or manage the Clairmont; did not contract or undertake to provide any services at or for the Clairmont; made no decisions regarding the management or operation of the Clairmont; and never communicated with law enforcement agents about any events at the Clairmont. *See* Affidavit of Stacy Hunt (Docket No. 368-3).

Plaintiffs argue that there are genuine issues of material fact as to what, if any, role Greystar Real Estate played in managing the Clairmont and in the alleged conspiracy. The Court finds that the evidence offered by Plaintiffs to support their claim fails to show a genuine issue of material fact as to any involvement of Greystar Real Estate Partners in the events underlying this lawsuit. Greystar Real Estate Partners cannot be held liable on a *respondeat superior* basis. Therefore, Plaintiffs' claims against Defendant Greystar Real Estate Partners should be dismissed.

*Bivens* Claims

The Real Estate Defendants assert that *Bivens* claims may not be brought against business entities, just individuals. *Bivens* held that when a federal agent, acting under color of his authority violates the Constitution, the agent's victim may recover damages against the individual agent. *Bivens*, 403 U.S. 388, 389 (1971). Such claims are the counterpart to suits under Section 1983 against individuals acting under color of state law. *Vecto Research, Inc. v. Howard & Howard Attorneys*, 76 F.3d 692, 698 (6th Cir. 1996).

This Court has previously found that *Bivens* does not confer a right of action for damages against federal agencies or private entities acting under color of federal law. *Escobar v. Gaines*, 2013 WL 1344900 at * 3 (M.D. Tenn. April 1, 2013). Nothing in Plaintiffs' arguments persuades the Court to change this ruling. *See Correctional Services Corp. v. Malesko*, 122 S.Ct. 515, 516-17 (2001) (purpose of *Bivens* is to deter individual federal officers from committing constitutional

3

violations). Accordingly, Plaintiffs' *Bivens* claims against Defendants TriTex Real Estate Advisors, Trimont Real Estate Advisors and Greystar Management Services should be dismissed.

Section 1983

Plaintiffs allege that the Real Estate Defendants conspired with each other and the other Defendants to violate Plaintiffs' Fourth and Fifth Amendment rights and Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment.³ Defendants contend there is no evidence that they physically assisted, participated in, or executed any law enforcement action and, therefore, no evidence that they participated in any conspiracy. Defendants also argue that they are not state actors.

---

³ The Fourth Amendment protects citizens against unreasonable searches and seizures by law enforcement officials. It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable. *Payton v. New York*, 445 U.S. 573, 586 (1980). The warrant requirement is subject to certain exceptions, such as exigent circumstances, *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006), and a search that is conducted pursuant to consent. *Fernandez v. California*, 134 S.Ct. 1126, 1128 (2014). Where an officer has, by means of physical force or show of authority, in some way restrained the liberty of a citizen, a "seizure" has occurred. *Terry v. Ohio*, 392 U.S. 1, 19 (1968). A person is "seized" within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. *United States v. Mendenhall*, 446 U.S. 544 (1980).

The Fifth Amendment provides that no person shall be deprived of life, liberty or property without due process of law. The liberty protected by the Fifth Amendment's Due Process Clause contains within it the prohibition against denying to any person the equal protection of the laws. *United States v. Windsor*, 133 S.Ct. 2675, 2695 (2013). An Equal Protection claim must assert that the plaintiff suffered class-based discrimination, such as race or national origin. *Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir. 2000).

The Fourteenth Amendment provides that no State shall deny to any person the equal protection of the laws. The Equal Protection Clause guarantees every person to be treated equally by the State, without regard to race. *Fisher v. University of Texas at Austin*, 133 S.Ct. 2411, 2422 (2013)(Scalia, concurring); *Dixon v. University of Toledo*, 702 F.3d 269, 278 (6th Cir. 2012).

4

To prove a Section 1983 claim, a plaintiff must establish that: (1) he was deprived of a right secured by the United States Constitution or laws; and (2) the deprivation was caused by a person acting under color of state law. *Spurlock v. Whitley*, 971 F.Supp. 1166, 1175 (M.D. Tenn. 1997). Private actors who "corruptly conspire" with state officials to deprive individuals of federal rights act under color of state law within the meaning of Section 1983. *Adams v. Springmeyer*, __ F. Supp. 2d __, 2014 WL 1785341 at * 21 (W.D. Pa. May 5, 2014) (citing *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980)).

A civil conspiracy claim under Section 1983 lies where there is an agreement between two or more persons to injure another by unlawful action. *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014). To prevail, Plaintiffs must demonstrate that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive Plaintiffs of their constitutional rights, and (3) an overt act was committed in furtherance of the conspiracy that caused injury to the plaintiff. *Id.*

Plaintiffs are not required to prove an express agreement among all the conspirators, and each conspirator need not have known all the details of the illegal plan or all of the participants involved. *Id*. In opposing a summary judgment motion, the Plaintiffs are entitled to rely on circumstantial evidence to establish an agreement among conspirators. *Id*. Nevertheless, conspiracy claims must be pled with some degree of specificity and vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under Section 1983. *Id*. A conspirator is liable under Section 1983 for all foreseeable acts taken in furtherance of the conspiracy, regardless of whether the conspirator directly participated in the act. *Canter v. Hardy*, 188 F.Supp.2d 773, 792 (E.D. Mich. 2002).

5

The Real Estate Defendants do not dispute that Tracy Hall communicated with law enforcement about the Clairmont numerous times before October 20, 2010. What was discussed by whom with whom involves disputed issues of fact which cannot be decided at this stage of the litigation.[4] Whether the goal of Defendants was to rid the Clairmont of Hispanics or to rid the Clairmont of gang members and criminal activity is a material issue of fact, to be determined by the jury. On the facts presented here, a jury could find either way.[5]

The corporate Defendants argue that they cannot be liable for conspiracy under any *respondeat superior* theory. Plaintiffs have not sued these Defendants under a *respondeat superior* theory. Plaintiffs contend that the corporate Defendants, through their agents and employees, made decisions in furtherance of the conspiracy with a discriminatory motive. It is a vastly different allegation to say that an agent of a company committed a violation on behalf of the company than to say that the employee committed a violation about which the company may not even have known, but for which the company is vicariously liable. *Johnson v. Dossey*, 515 F.3d 778, 783 (7th Cir. 2008). Decisions made and actions directed on behalf of corporate Defendants may create Section 1983 liability. Because there are genuine issues of material fact, the Real Estate Defendants (other

---

[4] For example, Plaintiffs have presented evidence that Tracy Hall had phone conversations, e-mail communications, and meetings with law enforcement during the time period before the "Raid." Plaintiffs have also created a genuine issue of material fact as to motive by presenting evidence of a statement by a Greystar manager that Greystar was brought in by the owners to come in, clean house, and get the Hispanics gone. The level of crime at the Clairmont and Defendants' intent in contacting law enforcement are disputed facts in this case.

[5] For the same reasons, Defendant Tracy Hall is not entitled to summary judgment on the Plaintiffs' *Bivens* claims against her.

than Greystar Real Estate Partners, which is already dismissed) are not entitled to summary judgment on Plaintiffs' Section 1983 claims.

Section 1985(3)

42 U.S.C. § 1985(3) provides a cause of action for conspiracies to deprive individuals of their civil rights. The statute makes damages available against those who conspire to deny any person(s) the equal protection of the laws. *Hines v. Town of Vonore*, 912 F. Supp.2d 628, 653 (E.D. Tenn. 2012). To establish a viable claim under Section 1985(3), a plaintiff must show (1) a conspiracy involving two or more persons; (2) for the purpose of depriving a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy (4) which causes a deprivation of a right or privilege. *Id.* A plaintiff must also establish that the conspiracy was motivated by a class-based animus.[6] *Id.*; *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005).

Plaintiffs have demonstrated that there are disputed genuine issues of material fact as to Plaintiffs' Section 1985(3) claims for the same reasons set forth above. Until a jury determines what exactly happened at the Clairmont and the extent of the involvement of the Real Estate Defendants in what happened at the Clairmont, a decision as to Section 1985(3) cannot be made. Similarly, until the underlying facts are determined, the Court cannot decide as a matter of law that the Real Estate Defendants are entitled to summary judgment on Plaintiffs' substantive Fourteenth Amendment (Equal Protection) claims.

## FAIR HOUSING ACT

---

[6] State action, or acting under color of law, is not an element of a Section 1985(3) claim.

7

Case 3:11-cv-00994 Document 514 Filed 09/04/14 Page 7 of 11 PageID #: 27470

Plaintiffs have also alleged that the Real Estate Defendants violated the Fair Housing Act, specifically 42 U.S.C. § 3604(a)(b) and (c) and 42 U.S.C. § 3617.

As it pertains to this case, Section 3604 makes it unlawful:

(a) to refuse to rent or refuse to negotiate for the rental or otherwise make unavailable or deny a dwelling to any person because of race or national origin;

(b) to discriminate against any person in the terms, conditions or privileges of rental of a dwelling because of race or national origin; and

(c) to make or cause to be made any statement with respect to the rental of a dwelling that indicates any preference, limitation or discrimination based on race or national origin.

42 U.S.C. § 3604.

Plaintiffs contend that these Defendants created a severe or pervasive hostile housing environment, which made housing unavailable on the basis of race and/or national origin; discriminated in the terms, conditions or privileges of the rental of a dwelling on the basis or race and/or national origin; made statements with respect to the rental of a dwelling that indicated a preference or discrimination based on race and/or national origin; and coerced, intimidated, threatened, and interfered with individuals in the exercise or enjoyment of rights under the Fair Housing Act. Defendants argue that their actions related to serious life safety issues and were taken to insure the safety of employees and residents at the Clairmont, not to chase residents away.

The Fair Housing Act, broadly speaking, prohibits discrimination in the sale or rental of housing and in the provision of housing services or facilities because of race, color, religion, sex, familial status, or national origin. *Hollis v. Chestnut Bend Homeowners Ass'n.*, __ F.3d __, 2014 WL 3715088 at * 5 (6th Cir. July 29, 2014). To establish a disparate treatment claim under the Fair Housing Act, Plaintiffs must show proof of intentional discrimination. *Id.* at * 7.

To state a claim under Section 3604(a), a plaintiff must show that (1) he is a member of a protected class; (2) he applied for and was qualified to rent or purchase certain property or housing; (3) he was rejected; and (4) the housing or rental property remained available thereafter. *Cannon v. Home Source Detroit*, 2013 WL 6133274 at * 7 (E.D. Mich. Nov. 21, 2013) (citing *Maki v. Laakko*, 88 F.3d 361, 364 (6th Cir. 1996)).

Plaintiffs here have not shown these elements. Plaintiffs do not claim that they applied and were qualified to rent at the Clairmont and were rejected. Plaintiffs have presented no evidence that they were prevented from renting at the Clairmont. Plaintiffs have not set forth a claim under Section 3604(a).

To establish a case of disparate treatment predicated on Section 3604(b), Plaintiffs must make a modest showing that a member of a statutorily protected class was not offered the same terms, conditions or privileges of rental of a dwelling or not provided the same services or facilities in connection therewith made available to others under circumstances giving rise to a reasonable inference of prohibited discrimination. *United States v. Fountainbleau Apartments*, 566 F.Supp.2d 726, 733 (E.D. Tenn. 2008). Part of what Plaintiffs must show is that Defendants provided the services Plaintiffs were denied to a similarly situated party during a period relatively near the time Plaintiffs were denied the service. *Cannon* at *7.

Here, Plaintiffs have not shown that non-Hispanics were treated differently from Plaintiffs. Plaintiffs have not presented evidence that the services they were allegedly denied were, during a period relatively near the time they were denied, provided to non-Hispanics. Plaintiffs' claims under Section 3604(b) should be dismissed.

9

Finally, with respect to subsection (c), to establish a claim, Plaintiffs must prove three elements: (1) a Defendant made a statement, (2) the statement was made with respect to the sale or rental of a dwelling, and (3) the statement indicated a preference, limitation or discrimination based on a protected class. *Fair Housing Center of Southwest Michigan v. Hunt*, 2012 WL 11789772 at *10 (W.D. Mich. March 29, 2012).

Plaintiffs have offered evidence that the Real Estate Defendants announced to the Clairmont staff that Greystar was brought in by TriMont to clean house and get the Hispanics gone. Plaintiffs allege that Tracy Hall expressed a clear preference for non-Hispanics. Plaintiffs contend that the staff at the Clairmont informed tenants that Greystar wanted to change the Clairmont from being Hispanic to being a complex with Americans and that Greystar was going to get the Hispanics out of there. A jury may credit or discredit this testimony, but the Court cannot determine on summary judgment which version of the disputed facts to believe. Accordingly, Defendants are not entitled to summary judgment on Plaintiffs' Section 3604(c) claims.

Section 3617 provides that it is unlawful to coerce, intimidate, threaten or interfere with any person in the exercise or enjoyment of any right granted or protected by the Fair Housing Act. 42 U.S.C. § 3617. Section 3617 does not require a showing of force or violence for coercion, interference, intimidation or threats to give rise to liability. Instead, interference has been broadly applied to reach all practices which have the effect of interfering with the exercise of rights under the federal fair housing laws. *Nevels v. Western World Ins. Co., Inc.*, 359 F.Supp.2d 1110, 1122 (W.D. Wash. 2004).

Plaintiffs have created genuine issues of material fact as to whether the actions and inactions of the Real Estate Defendants constituted coercion, intimidation, threats or interference with the

10

rights of the Hispanic Clairmont tenants, including Plaintiffs. For example, if the Real Estate Defendants were actually attempting to "clean house" and get rid of Hispanics, if they were making racist remarks or showing a preference for non-Hispanics, a jury could find such conduct to be coercive, intimidating, threatening and/or interfering. On the other hand, a jury could disbelieve that the Real Estate Defendants did anything racist or coercive or intimidating or threatening. But the factfinder must make that determination, not the Court on a summary judgment motion.

## CONCLUSION

For all these reasons, the Real Estate Defendants' Motions for Summary Judgment (Docket Nos. 368 and 372) are GRANTED in part and DENIED in part. Plaintiffs' claims against Greystar Real Estate Partners are DISMISSED. Plaintiffs' *Bivens* claims against TriTex Real Estate Advisors, Inc., Trimont Real Estate Advisors, Inc. and Greystar Management Services, LP are DISMISSED. Plaintiffs' claims under Section 3604(a) and (b) of the Fair Housing Act are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE