IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANGEL ENRIQUE NUNEZ ESCOBAR, )
et al. )
) NO. 3-11-0994
v. ) JUDGE CAMPBELL
)
LEE GAINES, et al. )

MEMORANDUM

Pending before the Court, among other things, is Plaintiffs' Motion for Partial Summary Judgment (Docket No. 371). For the reasons stated herein, Plaintiffs' Motion is DENIED.

INTRODUCTION

The Court assumes the reader is familiar with the facts alleged by the parties, which are in conflict, and will discuss the facts only as related to each issue. Plaintiffs seek summary judgment on two of their Fourth Amendment claims: (1) Count One of the Third Amended Complaint against Defendants Dickey and McCormick for their unlawful entry into Clairmont Apartment F-106 and (2) Count Three of the Third Amended Complaint against Defendants Worsham, Lim and Gaines for their unlawful seizure of four of the Plaintiffs in a parked car in the Clairmont Apartments parking lot.

SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and

identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## UNLAWFUL ENTRY

Plaintiffs allege that Defendants Dickey and McCormick made an unlawful entry into apartment F-106 without a warrant and without consent. Defendants Dickey and McCormick claim that exigent circumstances justified their entry.

The Fourth Amendment protects citizens against unreasonable searches and seizures by law enforcement officials. It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable. *Payton v. New York*, 445 U.S. 573, 586 (1980). The warrant requirement is subject to certain exceptions, such as exigent circumstances,

2

*Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006), and a search that is conducted pursuant to consent. *Fernandez v. California*, 134 S.Ct. 1126, 1128 (2014).

Exigent circumstances are situations where real, immediate and serious consequences will certainly occur if the police officer postpones action to obtain a warrant. *Thacker v. City of Columbus*, 328 F.3d 244, 253 (6th Cir. 2003). Courts have identified four situations which may give rise to exigent circumstances: (1) hot pursuit of a fleeing felon, (2) imminent destruction of evidence, (3) the need to prevent a suspect's escape, and (4) a risk of danger to the police or others. *Id.* The relevant inquiry is whether the facts are such that an objectively reasonable officer confronted with the same circumstances could reasonably believe that exigent circumstances existed. *Ewolski v. City of Brunswick*, 287 F.3d 492, 501 (6th Cir. 2002).

The determination of exigent circumstances is normally a question for the jury, except in a case where the underlying facts are essentially undisputed. *Ewolski*, 287 F.3d at 501. Here, the underlying facts are disputed and clearly present genuine issues of material fact.

For example, Defendants contend that the persons in this apartment had "barricaded" themselves inside, with the lights off, refusing to answer the door to Defendants' knock. Defendant Dickey claims that, when he looked through the bedroom window, he saw two people hiding behind one of the beds and a third person who was not hiding. Defendant McCormick asserts that, when he shined a flashlight into the bedroom, he saw a man with "long, scraggly hair," whom he believed to be "Brian," one of the individuals targeted based on alleged criminal, violent, gang activity. That man turned and ran away, which Defendant McCormick interpreted as "upping" the danger. McCormick claims that he said, "Police, Stop!" and the man moved quickly out the bedroom door.

3

Defendants also assert that they believed the apartment was a "stash" house (a location where illegal aliens being smuggled into the U.S. remain temporarily).

Plaintiffs, on the other hand, claim that because they were "frightened and confused" by the presence, knocking and yelling of law enforcement officials, they locked all the doors and gathered in the apartment's two bedrooms. Plaintiffs argue that Defendants Dickey and McCormick's entry through the window of the apartment was unreasonable because there was no sign of violence in that room and no reports of a medical or other emergency situation there. Plaintiffs contend that Defendant McCormick's belief that the man in the apartment was Brian was an objectively unreasonable conclusion. Plaintiffs also state that Defendants' assumptions that the man posed any threat similarly and that the apartment was a "stash house" were also unreasonable.

As explained in the Court's Memoranda on Defendants' Motions for Summary Judgment, what happened on the night of this operation is hotly contested. What the parties knew, what was said to whom, what the circumstances were - all must be determined by a factfinder, not on summary judgment. Accordingly, whether exigent circumstances existed to justify a warrantless entry into Apartment F-106 is a question for the jury.

## UNLAWFUL SEIZURE

Plaintiffs allege that Defendants Worsham, Lim and Gaines unlawfully seized four Plaintiffs in a parked car without any reasonable suspicion that they had engaged in any criminal activity or other wrongdoing.

Where an officer has, by means of physical force or show of authority, in some way restrained the liberty of a citizen, a "seizure" has occurred. *Terry v. Ohio*, 392 U.S. 1, 19 (1968). A person is "seized" within the meaning of the Fourth Amendment only if, in view of all of the circumstances

4

surrounding the incident, a reasonable person would have believed that he was not free to leave. *United States v. Mendenhall*, 446 U.S. 544 (1980).

Again, the parties dispute what actually happened with regard to this incident. Plaintiffs claim that once they had entered their vehicle, the three officers, "armed and wearing bulletproof vests," quickly surrounded the car at close range. Plaintiffs argue they were not free to leave. They also argue that no facts concerning them support a reasonable suspicion of wrongdoing or criminal conduct.

Defendants, on the other hand, contend that they saw multiple persons exiting one of the specific apartments toward which they were headed, an apartment they had reason to believe might be associated with illegal immigrants. Defendants assert that one of those individuals, upon making eye contact with Defendant Worsham, began running away from Worsham. Defendants argue that these Plaintiffs, whom they suspected of being illegal immigrants, appeared to be trying to get away in a hurry. There are genuine disputes about whether the persons Defendants saw running were the same persons who entered the vehicle, whether the Defendants actually "surrounded" the vehicle such that it could not leave, what was asked and said at the scene, and whether Defendants' suspicion that these Plaintiffs were illegal immigrants was reasonable. The Court cannot determine these disputed issues of fact on summary judgment.

## DEFENSES

The Federal Defendants argue that there is no *Bivens* remedy available to these Plaintiffs, this Court lacks jurisdiction over the Plaintiffs' claims, and the Federal Defendants are entitled to qualified immunity from Plaintiffs' claims. Docket No. 418. The Court has addressed these defenses in its ruling on the Federal Defendants' Motion for Summary Judgment.

## CONCLUSION

For these reasons, Plaintiffs' Motion for Partial Summary Judgment (Docket No. 371) is DENIED.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

6