UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANGEL ENRIQUE NUNEZ ESCOBAR, )
*et al.*, )
 )
     Plaintiffs )
 ) No: 3:11-0994
v. ) Judge Campbell/Bryant
 ) **Jury Demand**
LEE GAINES, *et al.*, )
 )
     Defendants )

## MEMORANDUM AND ORDER

Plaintiffs have filed their motion for an order to show cause why Stephanie Preciado should not be held in contempt and to compel her appearance at deposition (Docket Entry No. 320). Defendant Tritex Real Estate Advisors, TriMont Real Estate Advisors, Greystar Management Services, L.P., and Greystar Real Estate Partners, LLC, have filed a response in opposition (Docket Entry 324).

For the reasons stated below, the undersigned Magistrate Judge **GRANTS** Plaintiffs' motion in part and **DENIES** it in part.

### STATEMENT OF THE CASE

Fourteen Plaintiffs have filed this civil rights action against numerous federal and state law enforcement officers and others arising out of what Plaintiffs call a warrantless "raid" at the Clairmont Apartments in Nashville, Tennessee, on October 20, 2010 (Docket Entry No. 329). Plaintiffs claim that Defendant law enforcement officers detained, interrogated and arrested Plaintiffs

without probable cause or reasonable suspicion based upon their ethnicity, skin color, physical appearance and national origin.

Defendants have filed answers denying liability and asserting affirmative defenses.

## ANALYSIS

Stephanie Preciado, a nonparty fact witness, appeared for her deposition on August 28, 2013. According to Plaintiffs, Ms. Preciado had unsuccessfully attempted to evade service of the deposition subpoena (Docket Entry No. 320 at 2). This deposition began at 9:12 a.m. (Docket Entry No. 324-2 at 3). The deposition was adjourned at 3:37 p.m. following a break after the lawyers learned that Ms. Preciado had left the deposition room and the building before completion of the questioning (*Id*. at 4). During the course of the deposition, Ms. Preciado declined to answer certain questions, including the date of her birth, where she went to college, where she received her nursing license, the address where she had lived before her current residence, and the location of her current employment (Docket Entry No. 320-5 at 5-9). Ms. Preciado told Plaintiffs' counsel that she would answer truthfully any questions about the events at the Clairmont Apartments, but that she declined to provide any personal information that might permit someone to locate her (*Id*. at 5-6). She explained that her refusal to provide personal information was based upon her fear that members of criminal gangs from the Clairmont Apartments would be able to find her and do harm to her or to members of her family (Docket Entry No. 320-5).

Following her departure from her deposition on August 28, 2013, Plaintiffs' counsel, with the assistance of counsel for Defendant Greystar, attempted to locate Ms. Preciado in order to serve her with a subpoena for the continuation of her deposition (Docket Entry No. 320 at 6). She was eventually located and was served with a subpoena at her employment despite her attempts to evade service (*Id*. at 6-7). This subpoena required her appearance for the continuation of her deposition on December 20, 2013. The day before, on December 19, Ms. Preciado telephoned counsel for Greystar and informed him that she did not intend to appear for her deposition on the following day. Counsel for Greystar informed Plaintiffs' counsel that Ms. Preciado had stated that she did not intend to come to the deposition on December 20 (*Id*.). Counsel and a court reporter showed up on December 20 for the deposition as scheduled, but Ms. Preciado did not appear. Plaintiffs have now filed their current motion seeking relief.

Rule 45(e) of the Federal Rules of Civil Procedure provides that the Court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. Rule 26(c)(1) provides in pertinent part that the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense including . . . (C) prescribing a discovery method other than the one selected by the party seeking discovery.

From the record before the Court, the undersigned Magistrate Judge finds that Plaintiffs' counsel has already

questioned Ms. Preciado on the record for approximately four hours and 20 minutes (Docket Entry No. 320 at 4). Insofar as the record before the undersigned shows, Ms. Preciado repeatedly stated her willingness to testify about any of the events that occurred at or related to Clairmont Apartments, and only declined to answer those personal questions that were reasonably calculated to allow someone to locate her. As reason for her refusal to answer these questions, Ms. Preciado stated that she feared for her personal safety and that of her family, which she believed to be threatened by criminal gangs that allegedly existed at the Clairmont Apartments. The record contains an affidavit from Ms. Preciado containing certain evidence that supports Ms. Preciado's fears for her safety and that of her family (Docket Entry No. 324-1). No party has suggested that Ms. Preciado's fears are fabricated as a pretext merely to avoid testifying in this case. While the undersigned lacks sufficient evidence to determine the real level of risk to Ms. Preciado, the undersigned does find that she is genuinely concerned about her safety and that of her family members.

Given the fact that Plaintiffs' counsel has already questioned Ms. Preciado for almost 4½ hours on the record, and that Plaintiffs' counsel has failed to identify specifically any additional topics about which she has not yet been questioned,[1] the

---

[1] Plaintiffs have failed to identify specifically any additional topics about which they need to question Ms. Preciado. Instead, they state only that "Plaintiffs' counsel was unable to cover several key topics at Preciado's August 28, 2013, deposition that are directly relevant to Plaintiffs' claims and Defendants' defenses." (Docket Entry No. 320 at 8).

4

undersigned finds that to the extent that Plaintiffs' motion seeks an order requiring Ms. Preciado to complete her deposition, the motion is **GRANTED**.

Upon being served with a subpoena, Ms. Preciado is ordered to appear for the completion of her deposition. However, any remaining questions to be addressed to Ms. Preciado shall be asked by written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure. In addition, any additional questions to this witness shall be limited to any matter that is relevant to any party's claim or defense, but shall not include personal questions regarding Ms. Preciado's present address, employment, or other matters reasonably calculated to permit the witness's present whereabouts to be determined.

To the extent that Plaintiffs' motion seeks an order holding Ms. Preciado in contempt or ordering her to pay costs or expenses, the motion is **DENIED**. The undersigned further directs that any subpoena served on Ms. Preciado for the purpose of completing her deposition be accompanied by a copy of this Memorandum and Order.

Plaintiffs also have filed their motion to ascertain the status of the above-referenced motion (Docket Entry No. 338). This motion is **GRANTED**, as reflected in this Memorandum and Order.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge