```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                      NASHVILLE DIVISION
```

ANGEL ENRIQUE NUNEZ ESCOBAR,  )
*et al.*,                     )
                              )
         Plaintiffs           )
                              )    No: 3:11-0994
v.                            )    Judge Campbell/Bryant
                              )    **Jury Demand**
LEE GAINES, *et al.*,         )
                              )
         Defendants           )

## MEMORANDUM AND ORDER

Plaintiffs have filed their motion to compel release of certain audio recordings of Plaintiffs' depositions (Docket Entry No. 309). Defendants have filed responses in opposition (Docket Entry Nos. 316, 317 and 318).

For the reasons stated below, the undersigned Magistrate Judge **DENIES** Plaintiffs' motion.

### STATEMENT OF THE CASE

Fourteen Plaintiffs have filed this civil rights action pursuant to 42 U.S.C. § 1983 against certain federal and state law enforcement officers and others based upon what Plaintiffs characterize as a "raid" at the Clairmont Apartments in Nashville, Tennessee, on October 20, 2010 (Docket Entry No. 339). Plaintiffs claim that Defendant law enforcement officers detained, interrogated, and arrested Plaintiffs without probable cause or reasonable suspicion based upon their ethnicity, skin color,

physical appearance and national origin, in violation of Plaintiffs' constitutional rights.

Defendants have filed answers denying liability and asserting affirmative defenses.

## ANALYSIS

Plaintiffs' present motion arises out of the discovery depositions of six Plaintiffs who testified in Spanish. Interpreters were employed to translate questions from English into Spanish for the witnesses, and then translate the witnesses' Spanish responses into English for transcription by the court reporter. Plaintiffs say that there were multiple difficulties in translation during these depositions, and they seek an order requiring the court reporting firm to turn over to all parties copies of the backup audio recordings made by the court reporter during the depositions of these six Plaintiffs.

Defendants have objected on multiple grounds (Docket Entry Nos. 316, 317 and 318). First, Defendants argue that at each of the subject depositions two Spanish interpreters from this district's panel of certified interpreters were employed to translate (Docket Entry No. 316 at 2). The undersigned notes that Plaintiffs do not appear in their motion papers to challenge the competence of the subject interpreters. Defendants further assert that at least two lawyers who were fluent in both English and Spanish represented Plaintiffs in each of the subject depositions, and that they made contemporaneous objections to matters related to translations during the depositions. These objections were

addressed and apparently resolved at the time on the record, and any clarifications necessary were made during the depositions. Moreover, Defendants insist that all translation difficulties relied upon by Plaintiffs in support of their motion related to matters of slight semantic variations almost wholly immaterial to any issues in this case (Docket Entry No. 316 at 4-10).

Defendants further argue that to order the release of the court reporter's backup audio tape would unnecessarily cause Defendants to incur considerable additional costs by being required to employ Spanish interpreters to listen to these tapes and to compare these audio recordings to the deposition transcripts.

Finally, Defendants say that during breaks in these depositions, while Plaintiffs' counsel were out of the room, defense counsel spoke candidly about the case with other defense counsel and with their clients using telephones, and discussed many matters that may be protected by the attorney/client privilege or the work product doctrine (Docket Entry 317 at 2). Defendants have objected to production of the court reporter's audio tapes out of a concern that such protected conversations that occurred during deposition breaks may well have been included in the subject backup audio tapes.

The use of interpreters in federal courtrooms is governed generally by the Court Interpreter's Act, 28 U.S.C. § 1827. The statute both provides rules for the appointment of interpreters and outlines a minimal, general standard of interpreter performance. *United States v. Camejo*, 333 F.3d 669, 673 (6th Cir. 2003).

None of the parties has cited controlling case authority on the precise question presented by Plaintiffs' motion, and the undersigned Magistrate Judge is unaware of such controlling authority. Therefore, the undersigned finds that this question, like others arising during the course of discovery, is within the "wide discretion" to manage discovery granted to the Court. *Surles, ex rel., Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Following consideration of the motion papers of the parties and the authorities cited therein, the undersigned Magistrate Judge finds that Plaintiffs have failed to make a showing of good cause to support an order requiring the court reporter to turn over backup audio tape recordings made during the six depositions that are the subject of this motion. First, Plaintiffs have failed to identify any particular question or response that they believe was misinterpreted or to show that such misinterpretation is somehow material to any issue in this case. Second, it appears undisputed that during all of the subject depositions Plaintiffs were represented by at least two lawyers fluent in both English and Spanish, and they had ample opportunity to object to any perceived mistranslations on the record and at a time when such mistranslations could have been clarified. Finally, if Plaintiffs believe that changes in the deposition transcripts were necessary due to mistranslations, such changes could have been
4

made in accordance with Rule 30(e)(1)(B) of the Federal Rules of Civil Procedure.

For all of the foregoing reasons, the undersigned Magistrate Judge finds that Plaintiffs have failed to make a showing that wholesale review of six deposition transcripts based upon court reporter's backup audio tapes is warranted. Therefore, Plaintiffs' motion to compel release of certain audio recordings of Plaintiffs' depositions (Docket Entry No. 309) is **DENIED**, without prejudice to Plaintiffs' right to challenge the accuracy of translation of any particular question or response in these depositions upon a showing of cause.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge