IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANGEL ENRIQUE NUNEZ ESCOBAR, *et al.*, | ) ) ) |
| *Plaintiffs.* | ) ) ) |
| *v.* | ) ) ) |
| LEE GAINES, *et al.*, | ) ) ) |
| *Defendants.* | ) ) ) |

Civil Action No. 3:11-cv-994

Judge Campbell/ Bryant
JURY DEMAND

## AGREED ORDER REGARDING IMMIGRATION RELIEF

This Court enters this Agreed Order Regarding Immigration Relief, upon the joint motion of the parties, to set forth the immigration relief that Defendant the United States of America has agreed to provide through settlement of the Plaintiffs' claims in this action.

Defendant the United States of America and Plaintiffs have agreed:

1. The United States through ICE, will provide immigration relief to plaintiffs David Salgado Figueroa, Gerardo Morteo Mendez, Jesus Sanchez Villalobos, Jorge Palencia Sarmiento, Eduardo Cahuec Garcia, Marvin Lopez Raxcaco, Carlos Mendez Martinez, and Isaias Raxcaco Cajbon (the "Immigration Relief Plaintiffs") according to the following terms:

   a) As soon as practicable upon dismissal of the claims against the United States, ICE will approve Deferred Action for each of the Immigration Relief Plaintiffs. Deferred Action will be renewable annually for a period not to exceed **seven (7)** years from the date of dismissal of this suit. ICE will agree to waive any application fees for requests for Deferred Action. Each of the Immigration Relief Plaintiffs will

be required to submit themselves to an annual biometrics check 90 days before the end of each Deferred Action year. If any of the Immigration Relief Plaintiffs at any time while on Deferred Action become a Priority 1 or Priority 2 alien as defined in the November 20, 2014 Jeh Johnson Memo related to ICE Civil Enforcement Priorities, ICE will terminate Deferred Action and re-calendar removal proceedings. The November 20, 2014 Memo can be found at: http://www.dhs.gov/sites/default/files/publications/14_1120_memo_prosecutorial _discretion.pdf) (the "November 20, 2014 Johnson Memo").

b) The Immigration Relief Plaintiffs can apply to United States Citizenship and Immigration Services ("USCIS") for employment authorization and advance parole. ICE agrees to take no steps to interfere, positively or negatively, with USCIS's consideration of those requests.

c) For any of the Immigration Relief Plaintiffs with pending removal proceedings before the Immigration Judge or Board of Immigration Appeals (David Salgado Figueroa, Gerardo Morteo Mendez, Jesus Sanchez Villalobos, Jorge Palencia Sarmiento, Marvin Lopez Raxcaco, Carlos Mendez Martinez, and Isaias Raxcaco Cajbon) who remain in Deferred Action status until seven (7) years from the date of dismissal of this suit, ICE will agree, at the end of that seven (7) year period, to re-calendar and dismiss immigration proceedings without prejudice. However, if any of the Immigration Relief Plaintiffs, at any time during the Deferred Action status become a Priority 1 or Priority 2 alien as defined in the November 20, 2014 Johnson Memo, ICE will terminate Deferred Action and re-calendar removal proceedings against that particular plaintiff.

d) For Eduardo Cahuec Garcia, whose removal order was affirmed by the Board of Immigration Appeals in May 2013, and whose case is presently under review by the Sixth Circuit Court of Appeals, ICE agrees as follows. Upon the dismissal of the claims against the United States and the Individual Federal Defendants, ICE will request that the DOJ's Office of Immigration Litigation have the case remanded to the Board of Immigration Appeals and administratively closed. ICE agrees then to re-calendar and dismiss Cahuec Garcia's immigration proceedings without prejudice if Cahuec Garcia is still in Deferred Action status seven (7) years from the date of dismissal of this suit. However, if at any time while in Deferred Action status, Eduardo Cahuec Garcia becomes a Priority 1 or Priority 2 alien as defined in the November 20, 2014 Johnson Memo, ICE will terminate Deferred Action and re-calendar removal proceedings.

e) Once Deferred Action is terminated on the Immigration Relief Plaintiffs, each individual plaintiff will fall within whichever enforcement priority category is in effect at the time by virtue of their activity and individual circumstances.

2. The ERO Field Office Director also will place a memo in each of the Plaintiffs' files that affirms and clarifies that as of the date of the memo further investigation indicates no evidence of gang membership or gang affiliation.

ENTERED this ___ day of _____, 2015

*Todd Campbell*
Hon. Todd. J. Campbell
United States Judge